Wilde, J.
The estate, for the use and occupation of which this action is brought, having been demised by one John Austin to the defendant, to hold during the life of the lessor, at the yearly rent of twenty dollars, and the reversion having been afterwards conveyed to the plaintiffs, it has been argued that they have a right to recover the rent, as incident to the reversion, in this form of action.
It is, however, a well-settled principle, that an action of assumpsit for use and occupation will not lie where rent is reserved by deed; the proper action, in such case, being debt or covenant. It is, in deed, said, in some of the books, that assumpsit may be maintained upon an express promise ; although the plaintiff may be entitled to *86 a remedy of a higher nature, as debt or covenant. But the better opinion seems to be, that this principle must be limited to cases where some new consideration forms the basis of the promise, as where there is a promise to pay the balance due on settlement of an account, including rent in arrear;‘ or where other matter is taken into consideration, and included with the rent. (6)
In conformity to this principle, the statute of 11 Geo. 2, c. 19, <§>14, which provides a remedy for the recovery of rent, by action of assumpsit for use and occupation, limits it to cases where the agreement is not by deed. Nor is it easy to discern any good reason why it should not be thus limited; since, where the * demise is by deed, another remedy is provided, applicable to the contract.
If the plaintiffs therefore would claim the rent in arrear, under the assignment of the reversion by John Austin, it must be recovered in an action of debt or covenant; provided the lease were by deed, as we understand the fact to have been, although it is not so expressly stated by the parties.
We will now consider whether the plaintiffs can maintain their action as heirs at law of Anne Austin. It is true their title appears to be paramount to that of John Austin, under whom the defendant holds; and in á real action, they might doubtless recover the land. But as they have never entered, or made any claim as heirs, previous to the bringing of the present action; as the defendant has never promised to pay them rent, or occupied by their permission; and rs there is no privity of contract between him and them, as heirs ; it is very clear that they cannot recover rent by virtue of their title from Anne Austin.
For indebitatus assumpsit for rent will not lie in favor of a stranger, for the purpose of trying his title; or by one of two litigating parties, claiming the land; this action not depending on the validity of the plaintiff’s title to the estate, but on a contract between the parties, either express or implied. On this principle it is, that the defendant, in such action, is not allowed to plead nil habuit in tenementis; for he shall not dispute the title of him by whose permission he occupies. The defendant, however, in the case before us, has ever occupied under his lease; and he has a right to defend his possession by that title as well as he can, however defective it may be. The law will not imply a promise which may deprive him of this right.
There is another fact in this case, which ought not to be over *87 looked, and which makes the application of these principles the more necessary to the attainment of justice.
The defendant has been quietly in possession of * the land, under the lease from Austin, for many years; he has erected buildings thereon, and made improvements. If, then, the plaintiffs should evict him, as they may, they would be held to pay for the buildings and improvements, or to abandon the land at an appraised value, by the act of 1807, c. 74. But if they could recover in this form of action, they might be entitled to rent for the buildings as well as the land; for, claiming as heirs, they would not be bound by the lease, or be limited to the rent therein reserved.
On both grounds, therefore, the plaintiffs seem to have misconceived their action; and, according to the agreement of the parties, a nonsuit must be entered.
After the foregoing opinion had been pronounced, Ward, wfio was originally of counsel for the plaintiffs, but was absent when the cause was argued at the last March term, stated that, having relied on the fact that the statute of 4 and 5 Anne had been adopted in this state, and believing that evidence of a promise to the grantor of the plaintiffs would be equivalent to a promise to them, he had agreed to the statement, that no express promise had ever been made to the plaintiffs, although he knew to the contrary at the time of making the statement. He had been led into the opinion that assumpsit would lie without proof of an express promise to the reversioner, by the two cases of Moss vs. Gallimore and Birch vs. Wright And if it was now the opinion of the Court that evidence of such a promise would alter the result, he asked leave to move that the statement of facts be discharged, and the action stand for trial, that he might have opportunity to introduce evidence to that effect.
Upon this motion for the plaintiffs, the decision of the Court was pronounced by
Jackson, J.
Before the statute of Geo. 2, c. 19, debt or covenant was the only remedy for rent. Indebitatus assumpsit would not lie for arrears of rent. * Cro. Eliz. 242. Nor assumpsit in consideration that the plaintiff would permit, &c. Cro. Eliz. 859. These two cases were cited by Judge Wilde m the opinion delivered by him in this cause. That statute is expressly confined to cases where the agreement is not by deed. We had found no case of assumpsit maintained under the statute, where *88 the agreement was by deed; and all the text-books and digests, which treat on this subject, mention this as a material circumstance We were therefore not a little surprised to hear it said, in support of the motion now under consideration, that assumpsit was maintained in the English courts, where the demise was by deed, and that the case of Birch vs. Wright was an authority to that point.
That case is found, on examination, so far as it applies to this question, to be rather an authority for the opposite doctrine. In the first place, the demise there was not by deed. This appears in the statement of the case, and the circumstance is mentioned or referred to by both the judges, who give their opinion in the case. So that the case is not an exception to the general current of the authorities since the passing of the statute. ' In the second place, Ashurst, J., seems to mention this circumstance particularly, as the reason v/hy this action for use and occupation may be maintained; thereby confirming the opinion which we had adopted from all the other cases on this point.
The case of Moss vs. Gallimore, which was also cited, is to another point altogether — the respective rights of a mortgagee and a lessee of the mortgagor. The action was trespass by the lessee, for a distress taken by the mortgagee, in which this question could not come up.
We are therefore confirmed in the opinion before expressed, and entirely satisfied, that assumpsit for use and occupation will not lie where the demise and agreement are by deed. And as to this point, the facts agreed appear to be stronger for the defendant than they were at first supposed. For we find the parties * speaking of a covenant by the defendant to pay the rent; from which we understand that the demise was by indenture, or that the defendant had, in some manner, expressly covenanted to pay the rent.
As to the proposal to prove an express promise to pay to the plaintiffs, no authorities have been cited to show that such a promise would alter the nature of the remedy. If the obligee in a bond should call on the obligor for payment, and the latter should promise to pay at a future day, it was never supposed that the obligee could maintain assumpsit on this promise. There is, indeed, a case in 2 D. & E. 479, which was referred to by Judge Wilde, in giving the former opinion of the Court, where, on the dissolution of a copartnership, the accounts between the copartners were settled, including some matters not relating to the copartnership, and the defendant made .an express promise to pay the balance of that account. It was held that assumpsit would lie on that promise, notwithstanding the defendant was bound by covenant, in the *89 articles of copartnership, to adjust and make a final settlement at the expected expiration of the copartnership ; and Butter, J., was of opinion that, if no other articles had been introduced into the account, still the plaintiff- might have maintained assumpsit on the promise to pay the liquidated balance; and he so ruled in another case at nisi prius.
But there is a material difference between the promise in those cases, and a mere naked promise by one who is indebted on a specialty, that he will pay the sum due on the specially. When an account is stated and settled by the parties, the items claimed and allowed respectively are, or ought to be, described with as much accuracy as is usually required in a declaration; or at least so far that it will always distinctly appear what the parties have respectively paid and received, as fully as if an action had been brought for each item. The settling of such an account is also in nature of an accord and satisfaction. .One item is set off" against another, and the whole are settled by mutual * consent, leaving a new debt, viz., the amount of the balance, growing out of the whole of the transactions included in the account. If one party should be required to bring an action of debt or covenant for any one item in the account, it would alter the balance, and thus defeat the adjustment, which the parties had deliberately made, and by which they had mutually bound themselves.
But we can perceive no principle on which a mere promise, unconnected with any other transaction, would entitle the plaintiffs in this case to maintain assumpsit, which would not equally apply to the case before put, of such a promise by the obligor in a bond, or by a party indebted on any specialty whatever.
The principle on which we proceed is not a mere technical rule; and were it not supported, as it is, by the whole current of authorities relating to the point, we should' be inclined, from considerations of equity, to adopt it in this case, if it could be done without violating established rules. The defendant has a title to this land during the life of John Austin. That title may be defeated by the plaintiffs; but, as was observed by my brother in the former opinion of the Court, it cannot be done without a reasonable allowance to the defendant for the buildings and improvements that he. has made upon the land. He may be willing to pay the rent to the plaintiffs, if they will admit his title for the residue of his term; and, indeed, he could not object to it, if they would confirm the demise to him by bringing an action of debt founded upon it. But if the plaintiffs could recover, as on a paroi demise by themselves to the defendant, the latter would, perhaps, be estopped afterwards, to deny that he held under such a demise ; and, of course, he might *90 be ousted, whenever the plaintiffs should think proper to determine the supposed lease by parole.
We may add, further, that if the plaintiffs have, as we understand from the statement of facts, lost their right of entry, if they should bring a writ of entry as heir of Anne Austin, and evict the defendant, they could *not afterwards recover these rents in any form of action. Not in trespass for mesne profits, because their right of entry is gone. This point was settled in the case of Cox & Al. vs. Callender, 9 Mass. Rep. 533, and is the established doctrine of the common law; not in debt or assumpsit, for that would be to suppose that the defendant held under the plaintiffs, or by their permission, when, by the writ of entry, they had considered them as holding adversely under John Austin, who entered by abatement, after the death of their ancestor.
In short, if the plaintiffs have lost their right of entry, they have now two courses, and only two, to pursue in this case. They may disaffirm the lease made by John Austin, and recover the land by virtue of their paramount title as heirs; or they may affirm that lease, and recover the rent due upon it, as assignee of the lessor. But they cannot take a middle course, affirming the lease for the purpose of recovering the arrears of rent, and then disaffirming it for the purpose of ousting the lessee.
Plaintiffs nonsuit.

 2 D. & E. 479, Foster vs. Atlanson. — Cro. Eliz. 242, Reade vs. Johnson Ibid 559, Clerk vs. Palady.