## VANDENHEUVEL *against* STORRS.

Decided at
*Tolland,*
*November* 3.

The survivor of several persons having a joint interest may sue, in an action on simple contract, without describing himself as survivor.

But the cause of action must be correctly stated; and if it was a promise to the copartnership, which, by the death of the other copartners, has survived to the plaintiff, he must declare accordingly.

Where the defendant, under a contract for the purchase of land, entered upon it, and occupied it for several years, and afterwards abandoned it to the plaintiff, without performing the contract on his part; it was held, that although the defendant was the sole cause and occasion why the contract was not carried into effect, yet as this neither rescinded it, nor authorized the plaintiff to consider it as at an end, *assumpsit* for use and occupation could not be sustained.

THIS was an action of *assumpsit* for the use and occupation of a tract of land in *Mansfield,* known by the name of the *Apthorp farm.* There were three counts; the first of which alleged, That the defendant, on the first day of *April,* 1817, was indebted to the plaintiff in the sum of 1400 dollars, for the use, occupation and rent of the premises, before that time *let* to the defendant, at his special instance and request, and by him, according to such letting, used and occupied, for the term of nine years. The second count stated, That in consideration that the plaintiff, at the special instance and request of the defendant, had *suffered* and *permitted* the defendant to have, use and enjoy, and that the defendant had accordingly had, used and enjoyed the premises, for the term of nine years, the defendant undertook and faithfully promised the plaintiff, to pay him so much money as he therefor reasonably deserved to have of the defendant. The third count was *indebitatus assumpsit* for money had and received to the plaintiff's use.

The cause was tried at *Windham, September* term, 1819, before *Bristol,* J.

The defendant took possession of the farm mentioned in the declaration, on the 1st of *April,* 1808, by the consent and permission of the heirs of *Charles W. Apthorp,* who died seised thereof before that time. The defendant continued to occupy it, by letting it to sundry tenants, until *June,* 1817; and, during this period, received from such tenants considerable sums of money for the rent. On the 1st of *April,* 1808, there were living several children and heirs of C. W. *Apthorp;* one

of whom, *Charlotte Vandenheuvel*, is the wife of the plaintiff, and is still living. The others had all died, at different times, during the period of the defendant's occupation, leaving Mrs. *Vandenheuvel*, during the latter part of that period, the sole surviving heir.

The defendant proved, that he had made the following agreement with *James Lanman*, Esq. for the purchase of the farm : " It is agreed, between *Heman Storrs*, on the one part, and *James Lanman*, on the other part, that the said *Storrs* purchase of said *Lanman*, as attorney and agent of the heirs of *C. W. Apthorp*, Esq. the farm [describing the one in question] at the price of 2,550 dollars, with the annual interest thereon until paid, payable in two, three, four and five years, in equal payments, except the last, which is to be 550 dollars ; and said *Lanman* is, as soon as convenient, to procure a deed to said *Storrs*, from a person or persons duly authorized to convey said land, and in ten days from the time said *Storrs* will come to said *Lanman's* office, and give notes in conformity to said agreement. Witness our hands, this 5th day of *March*, A. D. 1808. [Signed]

> *James Lanman.*
> *Heman Storrs.*"

The defendant also introduced evidence to shew, that *Lanman* was duly authorized to make this contract, by *Hugh Williamson*, the authorized agent of said heirs ; and that the defendant, under it, entered into the occupation of the land, and continued to hold it, until the year 1817. He further claimed, and introduced evidence to prove, that if the contract was not originally authorized by *Williamson*, it had been subsequently ratified and approved by him ; and that a deed from said heirs to the defendant had, accordingly, been actually made out, though not acknowledged and delivered.

The plaintiff, on his part, introduced evidence to prove, and claimed that he had proved, that all the rents of the land had been received by the defendant, from his tenants, in money ; and that if the contract between *Lanman* and the defendant was authorized, or subsequently approved by *Williamson*, the defendant was the sole cause and occasion why it was not executed, and why the farm was given up, by the defendant. The plaintiff, therefore, contended, that he was, at any rate, entitled to recover on the money count.

The defendant contended, that the plaintiff could not re-

cover, if the defendant entered upon and occupied the land, in the character of a purchaser, and under colour of a purchase, whether the contract with *Lanman* was authorized or not; and that to maintain this action, it must be shewn, that the defendant occupied, acknowledging the relation of landlord and tenant.

Windham,
October,
1819

Vandenheuvel
v.
Storrs.

The judge charged the jury as follows : " Although different persons, heirs of *C. W. Apthorp*, deceased, were interested in the land, at different times, during the period in question ; yet if the wife of the plaintiff was the sole surviving heir of *C. W. Apthorp*, and of her deceased brothers and sisters, the plaintiff is entitled to bring this action ; and if the defendant, during that period, used and occupied the land, and received the rents, by permission of the plaintiff, this will raise an implied contract to pay for such use and occupation, and the rents so received, sufficient to enable him to recover. But this presumption may be repelled, by shewing that the defendant was in, under a contract for the purchase of the land, made with the owners, by their authorized agent. If the jury, therefore, shall find, that *Lanman* was authorized to make the contract, or that it was ratified and approved, by the owners, or by *Williamson*, their authorized agent, and that the defendant occupied under the contract; this will repel the presumption of any agreement to pay either for the use of the land, or the rents received from it, and will entitle the defendant to a verdict, unless the jury shall further find, that the defendant was the sole cause and occasion why the contract was not carried into effect ; and if the jury shall so find, the plaintiff will be entitled to recover, on the money count."

A verdict was given for the plaintiff accordingly ; and the defendant moved for a new trial, on the ground of a misdirection. The judge reserved the motion.

*Cleaveland,* in support of the motion, contended, 1. That the plaintiff, as surviving tenant in common of several distinct companies, could not join their different claims and his own, in the same action. At the decease of each of the several heirs of *C. W. Apthorp*, a new company of tenants in common existed, having a distinct claim for the use and occupation of the land. A survivor of one company has been suffered to join his demand, as survivor, with a demand due in his own right. 1 *Chitt. Plead.* 12. 200. But there is no authority to

*Windham,*
*October,*
*1819.*

*Vandenheuvel*
*v.*
*Storrs.*

sanction the uniting of the claims of several distinct companies in one action. At any rate, the plaintiff cannot join these different claims in the *same count.*

2. That if the plaintiff had right to maintain an action as surviving partner, he should have sued *as survivor,* and should have so stated his title.

3. That the defendant's refusal or neglect to perform the contract, did not authorize the plaintiff to bring *indebitatus assumpsit.* His remedy was on the contract. It was never *rescinded ;* but if it had been, the plaintiff could only have recovered, in this form of action, *the money which he had paid.*

4. That the *permission* of the plaintiff, in this case, afforded no ground of recovery. If the contract was authorized, no permission other than the contract gave, could be inferred; and the plaintiff must resort to the contract for his remedy. If the occupant entered under colour of a purchase, there can be no contract for use and occupation *implied.* To maintain an action for use and occupation, the relation of landlord and tenant must subsist between the parties. *Kirtland* v. *Pounsett,* 2 *Taun.* 145. *Whiting* v. *Sullivan,* 7 *Mass. Rep.* 107. *Smith* v. *Stewart,* 6 *Johns. Rep.* 46. *Bancroft* & ux. v. *Wardwell,* 13 *Johns. Rep.* 489.

*Goddard,* contra, contended, 1. That the plaintiff's wife, having been, during the whole period in question, an heir of *C. W. Apthorp,* and being, at the time of bringing the action, the sole surviving heir, not only of him, but of all the other heirs, the plaintiff was the only person entitled to the money, and, of course, the only person who could legally sue for it. 1 *Chitt.' Plead.* 11. *Anderson,* admr. v. *Martindale,* 1 *East* 497. 501.

2. That the plaintiff having such sole title, might state it generally, without declaring as survivor. *Ditchburn* v. *Spracklin* & al. 5 *Esp. Rep.* 31. *Smith* v. *Barrow,* 2 *Term Rep.* 476. *Hyat* v. *Hare, Comb.* 382. *Bernard* v. *Wilcox,* 1 *Johns. Ca.* 374. On the same principle, it has been decided, that a debt due from the plaintiff, or to the defendant, as surviving partner, may be set off against a debt due to the plaintiff, or from the defendant, in his own right. *French* v. *Andrade,* 6 *Term Rep.* 582. *Slipper* & al. v. *Stidstone,* 5 *Term Rep.* 495.

3. That *assumpsit* will lie for use and occupation, if the defendant entered *by permission,* although he entered under a

defective contract. *Elliot*, exr. v. *Rogers*, 4 *Esp. Rep.* 59. *Lewis* v. *Wallace*, *Bul. N. P.* 139. *Haldane* & al. v. *Duche's* exrs. 2 *Dall.* 176. *Gunn* v. *Scovil*, 4 *Day* 228. The stat. 11 *Geo.* 2. *c.* 19. *s.* 14. adopted in some of our sister states, particularly in *New-York*, applies only to the case of a *demise*, where there exists the relation of landlord and tenant ; and therefore, when you proceed on that statute, you must shew such demise, and the existence of such relation ; but when you proceed at common law, as in this case, a holding *by permission* is all that is requisite.

4. That the plaintiff might waive the contract, which had been abandoned by the defendant, and recover, on the general count, the money received by the defendant for the rent of the farm.

5. That at any rate, as the verdict gave the plaintiff only what in justice and equity he was entitled to receive and keep, the court would not set it aside, merely for the purpose of turning him round to a different form of action.

H•SMER, Ch. J. All the coparceners, except the plaintiff's wife, having successively died, after the defendant's occupation of the land, the right of action survived to the plaintiff, and may be joined with a demand due in his own right. 1 *Chitt. Plead.* 200. It is an established principle, that the plaintiff, in an action on simple contract, may declare, without describing himself as surviving partner. *Ditchburn* v. *Spracklin* & al. 5 *Esp. Rep.* 32. *Hyat* v. *Hare, Comb. Rep.* 383. *Smith* v. *Burrow*, 2 *Term Rep.* 476. *Spalding* & al. v. *Mure* & al. 6 *Term Rep.* 365. But it is equally clear, that he must always declare according to his title. If the legal interest is joint, it must be so described, and all the persons having the joint interest, if alive, must unite in the action. If one or more die, the survivor may sue, but the cause of action must be correctly set forth, and the declaration must contain such a description of it, that the defendant may know what it is he is called upon to answer.

In this case, the plaintiff counts on a promise made exclusively to himself. This allegation he has endeavoured to sustain, by a series of facts, evincive of promises made to the heirs of *C. W. Apthorp* jointly, and after the death of all of them, except his wife, of a promise made to himself. The plaintiff has not truly declared according to his title ; a ˗ the

*Windham,*
October,
1819.

Vandenheuvel
*v.*
Storrs.

proof adduced, does not support his declaration.  The point is decisively established, by *Ditchburn* v. *Spracklin* & al. 5 *Esp.* *Rep.* 32.  *Holmes* v. *D'Camp*, 1 *Johns. Rep.* 36.  *Bullock* v. *Jackson*, 1 *Esp. Dig.* 137.

In *Israel* & al. v. *Simmons*, 2 *Stark. Rep.* 356. an action of *assumpsit* was brought on an implied contract, by the lessees of a building.  *Jacob Hart*, one of the original lessees, after the occupation of the premises, died; and the plaintiffs alleged, that the defendant was indebted to them for the use and occupation, &c. but there was no count averring an occupation by permission of *Hart* and themselves.  The plaintiffs were non-suited; and the decision was afterwards affirmed by the court of King's Bench.  " The seats, (say the court,) had been held, not by the permission of the plaintiffs, but of the plaintiffs and *Jacob Hart*."  Vide *Richards* v. *Heather*, 1 *Barn. & Ald.* 29,  *Spalding* v. *Moore*, 6 *Term Rep.* 363. The same doctrine results, by strong inference, from cases, which have decided, that a surviving partner ~~may~~ bring an action, *in his own right*, against a person, who has received money *after the death of his co-partner*.  *Smith* v. *Barrow*, 2 *Term Rep.* 476.  *Bernard* v. *Wilcox*, 2 *Johns. Ca.* 374.  If it had been received *before his death*, the survivor must have sued in right of the co-partnership, and declared in a joint cause of action.

It appears, that a contract was made, by the defendant, with the heirs of *C. W. Apthorp*, for the purchase of land, under which he entered, and occupied for a number of years. From these facts, it is impossible to infer an agreement to pay for the use and occupation of the land.  *Expressum facit cessare tacitum*.  The jury, however, were instructed, if the defendant was the sole cause and occasion why the contract of purchase was not carried into effect, that the plaintiff would be entitled to recover.  On this point, the charge was incorrect.  The refusal of the defendant to perform his contract, neither rescinded it, nor authorized the plaintiff to consider it as at an end.  A part of the sum stipulated, the defendant had paid; and after enjoying the property a number of years as a purchaser, he, of his own accord, abandoned it, and the plaintiff afterwards entered into possession.  This did not annul the contract; but it remains open, notwithstanding; and on this unrescinded engagement alone, can the plaintiff found his suit.  *Weston* v. *Downes*, *Doug. Rep.* 23, 4.  *Whiting* v.

*Sullivan*, 7 *Mass. Rep.* 107. *Smith* v. *Stewart*, 6 *Johns. Rep.* 46. *Bancroft* & wife v. *Wardell*, 13 *Johns. Rep.* 492. 1 *Chitt. Plead.* 342. *Cooke* v. *Munstone*, 1 *New Rep.* 351. *Hunt* v. *Silk*, 5 *East's Rep.* 349. *Payne* v. *Whale*, 7 *East's Rep.* 274. For these reasons I would advise a new trial.

*Windham, October, 1819.*

*Vandenheuvel v. Storrs.*

The other Judges were of the same opinion, except BRISTOL, J., who dissented.

New trial to be granted.