## George Riley *versus* Joseph Emerson.

Where counsel have suffered a verdict to pass against a party without a trial,
     by mistake, a review may be granted upon terms.

This was a petition for a new trial.   It appeared that
Riley commenced an action upon a promissory note in
the court of common pleas, in this county, at February

Riley
*v.*
Emerson.

term, 1828. Emerson appeared and pleaded the statute of limitations, to which Riley replied, that there had been a promise within six years, and upon this, an issue was joined.

The cause was continued from term to term, until September term, 1829, when an agreement in writing, that the judgment of the court of common pleas, if against the plaintiff, should be final and conclusive, was signed by the counsel, and filed in the cause.

At February term, 1830, upon the trial of the cause, the plaintiff offered W. T. Heydock, as a witness, to prove a new promise by the defendant; but he having endorsed the original writ, as attorney of the plaintiff, was rejected as incompetent. A motion was then made on behalf of Riley, that the name of the said Heydock might be struck from the original writ, and the name of some responsible person be substituted in the place thereof; but the court overruled the motion, and the jury returned a verdict in favor of the defendant, upon which judgment was rendered. From that judgment Riley appealed to this court, but the appeal was dismissed, on the ground that he had precluded an appeal by his agreement. He then filed this petition, and rested his claim to a new trial on the foregoing case.

*Olcott*, for the petitioner.

*W. Smith*, for the respondent.

*By the court.* The plaintiff, in this case, has, in fact, had no trial in the court below, his evidence having been excluded. We see, however, no objection to any thing done there by the court. It is a common practice, in this state, to give leave to change the endorser of a writ; but it rests in the discretion of the court to give, or refuse, leave to do this; and we must presume, that the discretion of the court was properly exercised in this instance. If the plaintiff has failed to obtain justice, it has arisen from some mistake or misapprehension of the counsel. He had bound himself not to appeal, by an

agreement filed in the case. When, therefore, he found himself without evidence, he ought, in order to save his rights, to have become nonsuit, and then by a new suit, he might have obtained justice. But by some strange misapprehension, a verdict was suffered to pass against him; and whatever may be the real justice of his claim, he is now without redress, unless we grant him a new trial.

We shall, on the whole, grant a new trial, but it must be upon terms that will place the parties in the same situation in which they would have been, had a nonsuit been entered.