Ruffin, Judge.
 

 I should very gladly decide this small cause for the plaintiff (who is a pauper,) if I could do so without removing the land marks of the law. We must take it that the sum due him upon the settlement, was for work mentioned in the lease to be done on the plantation, namely, getting rails at a particular price. If so, he still had a remedy on the covenant in the lease, which was executed by both parties. Can he have the inferior one of
 
 assumpsit
 
 for the same thing? If one owe money on a bond and engage by parol to pay it on such a day, ho cannot be sued in assumpsit. This is not a mere technical rule. All the securities which deeds arc intended to create, as to the terms of the contract, in favor of the covenantor, depend on it. If indeed there be no remedy on the deed ; if the contract has been rescinded, or abandoned before breach ; if after breach it has been delivered up, or satisfaction entered upon a settlement
 
 ;
 
 then it is different, because there is then, hut one remedy and that on the promise. If one covenant to build a house for another by a particular day and fail, but builds it afterwards and it is accepted, the deed does not bar an action on the
 
 quantum meruit,
 
 though it may restrict the prices to those specified in it. So if any other executory agreement be rescinded before breach, and in consideration of that, the parties account,
 
 assumpsit
 
 lies for the balance struck. Why? Because there is no re«
 
 *354
 
 medy on the deed. That was precisely the case of
 
 Foster
 
 v.
 
 Allanson,
 
 (2 T.
 
 R.
 
 479), and is the footing on which Judge B idler rests his decision, and this was after the case of
 
 Moravia
 
 v.
 
 Levy,
 
 before him at
 
 Nisi Frius. A
 
 partnership was then formed by deed for seven years, and there was a covenant to account annually, anil to account and pay at the end of the term. Before the seven years were out they agreed to dissolve, and then to account and pay. They did account, and the action was brought for the sum acknowledged to be due. On the deed, no action could by its terms be then
 
 brought;
 
 and Buller said, the question was, whether the dissolving a previous partnership and settling the account, was or was not, in point af law, a sufficient consideration for an express assumpsit; which he clearly held in the affirmative. But no instance can be stated, in which, after the time limited in a deed, for the performance of a duty, thereby created, an action can be maintained on a promise to fulfil the covenant, the deed remaining all the while in existence and full force. The reason is, because precisely the same evidence, as to the extent of the demand, and indeed every other matter, but the making of the agreements and the terms of them, will support both actions. And whether the law ought, for the certainty of the contract, to take the specialty or the verbal agreement, it is easy for any to judge. Here, for example, the lease fixes the price of the rails. It might be different, if that were left uncertain; for fixing the price is in itself, a new agreement, distinct from any provision in the deed; but in the present case, the only further requisite to a full recovery on the deed, is, evidence of the quantity; and that is as susceptible of proof in an action on the covenant, by the acknowledgement of the defendant, as it is in
 
 assumpsit.
 
 There is then no new consideration for the promise, and the deed remained in force, for it was to be delivered to the plaintiff by the holder, not as far as appears, to be cancelled, but as properly belonging to the only person who then had an interest in it, and could take advantage under it. In such a case, Í think no action lies on the promise
 
 *355
 
 merged in the existing deed, more than on a promise merged in a deed or judgment subsequently taken for the same debt. The case of
 
 Codman
 
 v.
 
 Jenkins,
 
 (14
 
 Mass. Rep.
 
 93,) is an authority in support of the general reasoning I have adopted, and also ol' the import of
 
 Foster
 
 v.
 
 Allanson,
 
 which is cited and commented on by the court. That was the case of a lease for life, and an assignment by the lessor of the reversion ; the assignee and the lessee come to an account of the rent in arrear in his time, and the tenant made an express promise to pay it: held, that
 
 assumpsit
 
 would not lie, but that it ought to be debt or covenant, This seems to me to be in point; and I think there must be a new trial.
 

 Per Curiam. — Jtjbgmekt reversed.