## Samuel Hawkes *versus* Asa Young.

Assumpsit for use and occupation cannot be maintained where there has been a demise by deed, and a covenant to pay the rent, although an express promise, by writing, made at the time of the demise to pay the rent, is proved.

Assumpsit for the use and occupation of a certain house and land, in Portsmouth, from the 16th September, 1829, to the 27th October, 1830.

The cause was submitted to the decision of the court upon the following case.

The defendant, Asa Young, being lawfully seized of the house and land mentioned in the declaration, on the 31st October, 1822, by deed, conveyed one undivided half of the premises to W. Currier, and by another deed, made the same day, he conveyed the other undivided half to C. Currier. Both these conveyances were in fee and in mortgage. On the 17th June, 1824, C. Currier, by deed, assigned all his interest in the land to S. E. Coues; and on the 9th March, 1825, W. Currier, by deed, assigned all his interest in the same land to Coues.

Coues brought a writ of entry against Young, for the said house and land, and having recovered a judgment in the suit at February term, of the superior court, in this county, 1826, he, on the 21st August, 1829, sued out a writ of possession. On the 6th June, 1829, Coues assigned to the plaintiff, Samuel Hawkes, all his interest in the said house and land, and on the 16th September, 1829, authorized Hawkes to receive possession from the officer, who might execute said writ of possession.

And on the same 16th September, possession of the said premises was delivered to the said Hawkes, by virtue of the said writ.

Afterwards, on the same 16th September, 1829, by a deed which was signed and sealed by the said Hawkes and the said Young, the said Hawkes leased the said premises to the said Young for the term of one year, and

the said Young bound himself to pay to the said Hawkes eight dollars a quarter, so long as he should occupy the same.

At the same time another written agreement was made as follows :—

" Whereas J. Akerman, D. Sheriff, has this day delivered seizin and possession to Samuel Hawkes—of a certain messuage with the dwelling house, &c. by virtue of a writ of possession recovered by Samuel E. Coues—at the superior court of judicature holden at P., on the 3d Tuesday of February, 1826, &c. Now, therefore, be it known, that I, the subscriber, have this day hired of the said S. Hawkes, the premises, and hereby acknowledge myself his tenant, and hereby promise to pay him eight dollars per quarter rent, for the said lot of land and dwelling house, so long as I shall occupy the same, and will peaceably and quietly surrender, &c. whenever thereto required.                    ASA YOUNG.

Portsmouth, September 16, 1829."

Young continued in the possession of the premises until the 27th October, 1830, when this suit was commenced. On the 27th October, 1830, Hawkes brought a writ of entry against Young to recover the said premises.

*Bartlett*, for the plaintiff.

*Freeman*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

We see no reason why the plaintiff should not recover, in some way, the rent up to the 27th October, 1830, when he brought his writ of entry. 1 D. & E. 378, *Birch* v. *Wright* ; 5 N. H. Rep. 531.

But does assumpsit lie in this case ?

No implied promise can be raised to support assumpsit where a bond has been taken. Thus assumpsit for money paid by a surety does not lie where he has taken a bond for his indemnity. 2 D. & E. 100, *Toussaint* v. *Martinnant*.

It has been decided in Massachusetts, that assumpsit

for use and occupation will not lie, where there has been a demise by deed, although a special promise to pay is proved. 14 Mass. Rep. 93, *Codman* v. *Jenkins.*

The same principle is recognized in many other cases. Woodfall, 348 ; 2 D. & E. 479, *Foster* v. *Mason* ; Buller's N. P. 138 ; 4 Espinasse, N. P. C. 59 ; 3 Starkie's Ev. 1511 ; Laws, Pl. in Assumpsit, 376.

In this case there was a covenant to pay rent so long as the defendant should occupy the premises, and although there was an express promise made at the same time, by writing, not under seal, to pay the rent, we are of opinion that this action cannot be sustained.    The promise is merged in the covenant.

*Judgment for the defendant.*