## ALTON *vs.* PICKERING.

J. conveyed to A. his farm, then in the occupation of P. as his tenant, and gave notice thereof to P., who offered to pay rent to A., but A. declined to receive it, a controversy having arisen whether the title passed by the deed of J. It was finally decided that the title did pass—*Held*, A. might recover of P. in assumpsit for the use and occupation of the land.

THIS action was assumpsit for the use and occupation of a farm in Alton, called the Jewett farm, from the last day of March, 1830, to the first day of April, 1835.

The parties agreed upon the following case :

The defendant occupied said farm in 1828, as the tenant of James Jewett, who then owned it, under an agreement that the defendant should deliver at the barn and house upon the same, in harvest time, one half of the produce thereof to said Jewett, by way of rent, which agreement was performed by him.

On the 19th of November, 1828, said Jewett conveyed

said farm to the town of Alton ; but, in pursuance of an agreement made between him and said town, he received one half of the produce of said farm for the year 1829, it being carried on that year by the defendant on precisely the same terms as for the two preceding years.

The defendant carried on said farm and received the income thereof in each of the years, from 1830 to 1834 inclusive, without any express agreement or contract with said town. A controversy and lawsuit arose between said Jewett and said town of Alton, in relation to the title to said farm, which continued for the whole period last above mentioned, in which the question was, whether said conveyance from said Jewett to said town was operative,—the said town affirming that nothing passed thereby. This suit was finally determined in favor of said Jewett.

In each of the years before mentioned, the defendant in harvest divided the crops raised on said farm into two equal parts, after putting the same into the house and barn ; and in the first of said years, after making said division, he went to the selectmen of said town, and informed them that he had made such a division, and was ready to deliver them one half of said produce ; and they thereupon told him, that the town had nothing to do with said farm, and had no produce there ; and said town did not then, nor in any of said years, apply to said defendant for any part of the produce of said farm, or attend to receive it. Soon after the decision in the above action, the selectmen called upon said Pickering, and demanded of him such produce as then might be on the farm belonging to the town, and he replied there was nothing there for them.

No other communication took place between the parties in relation to said farm, than what is herein before mentioned. James Jewett, soon after the sale, gave notice to said Pickering that he had sold said farm to the plaintiffs. Soon after said controversy arose, he told Pickering that he wished him to remain on the farm till the suit should be decided.

*Bell*, for the defendant, to the point that this action is founded upon the relation of landlord and tenant, which can exist only by contract, express or implied, and to show that no such contract existed or could be implied, here cited *Little* vs. *Libby*, 2 *Greenl.* 248 ; 1 *T. R.* 378, 387 ; 3 *Stark. Ev.* 1513 ; *Wyman & al.* vs. *Hook*, 2 *Greenl.* 337 ; *Wiggin* vs. *Wiggin*, 6 *N. H. R.* 298 ; *Cripps* vs. *Blank*, 9 *D. & R.* 480 ; *Allen* vs. *Thayer*, 17 *Mass. Rep.* 299 ; *Boston* vs. *Binney*, 11 *Pick. Rep.* 1 ; *Binney* vs. *Chapman*, 5 *Pick.* 124 ; *Codman* vs. *Jenkins*, 14 *Mass.* 96 ; *Vanderheuvel* vs. *Storrs*, 3 *Conn.* 203 ; to the point, that where the defendant was not let into possession by the plaintiff, he may dispute his title notwithstanding an acknowledgment of it, 2 *Stark. Ev. last edition*, 857 ; *Cornish* vs. *Seavell*, 8 *B. & C.* 71 ; and to the point that the defendant was answerable to Jewett, and could not show his title had expired, he cited *Ball* vs. *Westwood*, 2 *Camp. Rep.* 11.

*Bartlett*, for the plaintiff.

WILCOX, J. The action of assumpsit for use and occupation depends on the statute of 11 Geo. 2. chap. 19. The statute evidently contemplates the relation of landlord and tenant. The plaintiff, therefore, to entitle himself to recover, must prove an occupation of the premises by his permission.

The title to land cannot be tried in this action, nor will it lie against one who has entered and occupied in defiance of the plaintiff. *Wiggin* vs. *Wiggin*, 6 *N. H. R.* 298 ; *Birch* vs. *Wright*, 1 *T. R.* 378, 387 ; 5 *Pick.* 124, *Binney* vs. *Chapman* ; 14 *Mass. Rep.* 96, *Codman* vs. *Jenkins*.

A party who has recovered in ejectment, cannot recover in assumpsit for use and occupation after the time of the demise alleged in the ejectment. In other words, he cannot recover for use and occupation after the time when he alleged he was disseized. 1 *T. R.* 378, 387, *Birch* vs. *Wright*.

Nor can this action be maintained, where the defendant

has been in possession under a supposed title adverse to the plaintiffs, although such supposed title proves to be defective; and the plaintiffs' title is confirmed. *Wyman & al.* vs. *Hook,* 2 *Greenl.* 337 ; *Allen* vs. *Thayer,* 17 *Mass. R.* 299.

The case of Cummings *vs.* Noyes, 10 Mass. R. 433, presents an apparent exception to this principle. But it is unnecessary now to determine how far the authority of that case is to be recognized.

A person having title to land, sued for use and occupation against A., who had received possession from a third person. Held, that the declaration of A., " I do not consider the land as yours, but prove your right, and I'll pay you for it," would not support assumpsit for use and occupation. It was said that this could be treated as an unconditional promise to pay rent, or an acknowledgment of the plaintiffs' general right to recover for use and occupation. *Cripps* vs. *Blank,* 9 *D. &
R.* 480. The reason of this objection to the action is not very apparent. " Prove your debt, and I will pay it," is a sufficient promise upon which an action may be maintained, notwithstanding the statute of limitations, if the condition be complied with. " Prove that the land is yours, and I will pay the rent," would seem equally sufficient to charge the party as tenant, if the right be established.

That the occupation was by the plaintiffs' permission, may be proved directly by positive evidence of an express letting ; or, if there be no direct proof, the plaintiff may resort to presumptive evidence of the fact ; or, it may be an inference of law, founded on the legal title ; as, if a landlord let premises and after mortgaged them in fee, the mortgagee is entitled after notice to recover the rent accruing after the mortgage. 2 *Stark. Ev. new ed.* 854, 5.

It is said in 2 *Stark. Ev.* 856, that where a trespasser has occupied the lands, the plaintiff may waive the tort, and recover in this action upon an implied contract. If this be so, it must appear that the defendant is in as a mere trespasser,

without claim or pretence of title, and without denying the plaintiffs' title.

When an individual enters on land under a consideration, and with the agreement that he is to purchase it, and afterwards he refuses to comply with his contract, he may be prosecuted in an action of trespass, or of use and occupation, for the profits of the land, at the election of the owner. *Clough* vs. *Hosford*, 6 *N. H. R.* 231.    But see 13 *Johns. R.* 299 ; 6 *Johns. R.* 46 ; 3 *Conn.* 203.

All possession of land is presumed to be in subordination to the legal title, unless the contrary appear ; and if a tenant or occupier of land claim that his possession is adverse to the title of the true owner, it is incumbent on him to show that fact.    The court will not presume wrong for the purpose of defeating an equitable claim, by an exception to the form in which the remedy is sought.    It would seem, therefore, an incontrovertible principle, that if the plaintiff shows title in himself, and possession by the defendant, he must be presumed, nothing further appearing, to be in as tenant to the plaintiff.    It is said, in *Boston* vs. *Binney*, 11 *Pick.* 1, that assumpsit for use and occupation will lie only where there is a contract express or implied ; and the implication of contract arising from the defendant's having been in the occupation of land owned by the plaintiff, is rebutted by evidence that the defendant claimed to hold under an adverse title.

In the present case, the plaintiffs' title to the land appears, and indeed is admitted ; the occupation by the defendant is shown ; and it is expressly shown that he entered under that title, as tenant to the plaintiffs' grantor.    Beyond this, it appears that after the conveyance to the plaintiffs, the defendant recognized their title, and even offered to pay them such rent as he said was due—so that the relation of landlord and tenant was admitted by the defendant.    Entering under the plaintiffs' title, and thus recognizing them as landlords, it must be presumed that he continues in possession under the same relation, unless he shows some clear and unequivocal act of renunciation of that relation on his part.

But it is said that the plaintiffs disclaimed all title to the land ; and it appears to have been for some years in controversy between them and Jewett, whether the title had passed to them or still remained in Jewett ; and it was finally decided that they were the owners. There was no controversy with any one in regard to the tenancy of the defendant ; that was admitted ; nor could the plaintiffs be any more estopped by their disclaimer of the title, than the defendant by his admission of the tenancy. The defendant was a tenant. He claimed nothing else. The plaintiffs appear in the end to be the true owners. And we are of opinion, that the mistake made by them as to the true state of the title does not preclude them from holding the defendant accountable in this action for the rents and profits of the land. It is to be observed, that the plaintiffs had not treated the defendant as a disseizor, nor as a wrong-doer ; nor had they in any form objected to his occupation of the land.

But what are the plaintiffs entitled to recover ? If Jewett had continued the owner, and the defendant had remained in possession after the expiration of his lease, without any new agreement as to the rent, perhaps the law would imply that he held at the original rent. But Jewett conveyed the farm to the plaintiffs, and the defendant had notice of the conveyance ; and we are of opinion, that as between these parties no presumption arose that the defendant was to pay the old rent, or that he was to pay in the specific mode provided by the special agreement between him and Jewett. On the contrary, as the plaintiffs had the legal title, and the defendant occupied in subordination to that title, without any express agreement as to the rent, they are entitled to recover a reasonable compensation for the use of the premises. The defendant was but a tenant at will ; the conveyance by Jewett was a determination of his will and of that estate ; and when the plaintiffs became entitled to possession, as they did in 1830, a new state of things commenced, and the defendant became the tenant of the new owners, the present plaintiffs.

We cannot agree, that the defendant was answerable to Jewett. It is true, as a general rule, that a tenant cannot dispute the title of his landlord, by whose permission he holds. And in *Balls* vs. *Westwood*, 2 *Camp.* 11, it was held that where the defendant has come in under the plaintiff, he cannot show that the plaintiff's title has expired, unless he at the time renounced the plaintiff's title, and had reëntered under a new landlord. But we think this cannot apply to a case where the landlord has conveyed away all his title, and given notice thereof to the tenant. There is no principle upon which the tenant can be holden liable to the landlord after such a conveyance. There must, therefore, be

*Judgment for the plaintiffs.*