## George T. Cobb & others *vs.* Lemuel Arnold.

In a suit for use and occupation, the plaintiff may give in evidence, as proof of his title to the land, a deed thereof, made to him by A., B. and C., averring them selves to be "authorized by the members of St. T. Church, for that purpose," although the deed is signed and sealed by them as grantors, and the covenants therein are made by them personally, and not as attorneys of said church.

And in such suit, if it be proved that the defendant occupied the land, as tenant of the plaintiff, by his permission, and on a promise, express or implied, to pay him for such use and occupation, the defendant cannot be permitted to dispute the plaintiff's title ; and the plaintiff is entitled to recover, without reference to the comparative strength and validity of his and the defendant's title to the land.

Assumpsit for use and occupation· of a tract of land in Taunton, called the Glebe Farm. At the trial in the court of common pleas, before *Williams*, C. J. the plaintiffs introduced evidence tending to prove that they, soon after the decease of their father, D. G. W. Cobb, under whom they claimed said land, as his heirs at law, viz. in the spring of the year · 1832, made an oral contract with the defendant, on his application to them, to let said land to him, at the rate of $24 per year, which he agreed to pay ; and that he had

continued to occupy said land ever since the making of said agreement ; also evidence tending to prove the defendant's acknowledgments of the title of the plaintiffs' father to said land at the time of his decease.

The plaintiffs also offered in evidence an office copy (having first given evidence to prove the loss of the original) of a deed, as follows :   " Know all men by these presents, that we, Levi Leonard, William A. Crocker and James L. Hodges, all of Taunton, being authorized by the members of St. Thomas Church of Taunton, for that purpose, and in consideration of $463·32, paid by Francis Baylies and D. G. W. Cobb of Taunton, Esquires," &c. " do hereby give, grant, sell and convey unto the said Baylies and Cobb a certain tract of land," (describing the land in question,) " to have and to hold the aforegranted premises to the said Baylies and Cobb, their heirs and assigns forever."   " In witness whereof, we, the said Leonard, Crocker and Hodges, have hereunto set our hands and seals, this sixth day of August, in the year of our Lord one thousand eight hundred and twenty eight."   (Signed and sealed by the grantors.)   The covenants in this deed were those usually inserted in deeds of warranty, and were all made by the said Leonard, Crocker and Hodges, in their own names.

The plaintiffs offered no other evidence of any right or authority of the grantors named in said deed to convey said land, or the title of the members of said church.   The defendant objected to the admission of this copy in evidence, but the objection was overruled.   The plaintiffs also gave in evidence a release of said land, given by said Baylies to said D. G. W. Cobb, executed, acknowledged and registered in September 1830.

The defendant introduced evidence tending to prove that, for twenty five years next before the time of the trial, he had been in quiet, exclusive and adverse enjoyment of said land, using and treating it as his own during all that time.

The jury were instructed " that if the defendant occupied the said land, during the time for which rent was demanded in this suit, as the tenant of the plaintiffs, and by their permission, and on a promise, express or implied, to pay them for such use and

---

---

occupation, he could not be permitted, in this suit, to dispute the plaintiffs' title ; and that the plaintiffs, in such case, would be entitled to a verdict, without reference to the comparative strength and validity of the titles of said parties, respectively, to the land in question." The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions to the proceedings and instructions of the judge.

*Pratt,* for the defendant. The deed from Leonard and others was not admissible in evidence, because it conveyed no estate. If St. Thomas Church had any title to the land, the grantors did not so convey as to pass that title. The covenants were those of the grantors personally, and no authority of the grantors to convey was shown on the face of the deed. The conveyance should have been the act of the principals, and not of the attorneys. *Fowler* v. *Shearer,* 7 Mass. 14. *Elwell* v. *Shaw,* 16 Mass. 42, and 1 Greenl. 339.

The instruction, as to the plaintiffs' right to recover, if the defendant agreed to pay rent, had a tendency to mislead the jury. They should have been so instructed, that they might have passed upon the presumption, arising from adverse possession, that he did not in any way agree to pay rent.

*Holmes,* for the plaintiffs. The present action well lies on the defendant's promise. *City of Boston* v. *Binney,* 11 Pick. 1. *Evertsen* v. *Sawyer,* 2 Wend. 507. *Hill* v. *Boutell,* 3 N. Hamp. 502. *Inhabitants of Watertown* v. *White,* 13 Mass. 481, 482. A tenant cannot, in an action for use and occupation, dispute the landlord's title. 2 Comyn on Con. (1st ed.) 523, 524. *Binney* v. *Chapman,* 5 Pick. 124. *Cooke* v. *Loxley,* 5 T. R. 4.

*Coffin,* in reply. The question here is, who was the landlord ? The plaintiffs were not content to rely on their evidence that the defendant contracted to pay rent to them ; but they put in a deed, and thereby left the question of title open to the objections of the defendant.

HUBBARD, J.* The first objection taken to the ruling of the learned judge, who tried this case in the court of common pleas,

---

* *Wilde,* J. did not sit in this case.

is to his admission of the deed of Leonard and others to Francis Baylies and D. G. W. Cobb, under whom the plaintiffs claim. This objection arises from the language of the deed, the grantors representing themselves as being authorized by the members of St. Thomas Church of Taunton, for that purpose. From this it is argued, that it is the deed of attorneys, and being executed in their own names, conveys no title to the estate. This objection assumes that the fee of the estate was in the St. Thomas Church, and that the grantors were merely attorneys of the proprietors. But as far as appears, the fee may have been, and probably was, in the grantors, and the church had only a beneficial interest in the estate, which interest the trustees, if they were such, chose to recognize, in their conveyance; and so the deed may be perfectly good. But whatever the relations of the church may have been to the land, the deed, upon its face, and by the reasonable construction of it, conveys an estate by the grantors in apt terms; and a stranger, to take advantage of it, must go behind the conveyance, and show a title in the proprietors of the church, and deduce a conveyance from them, to affect the title of the plaintiffs. The defendant, however, was not precluded from offering evidence tending to show an adverse and exclusive title in himself.

An exception was also taken to the ruling of the judge, that if the defendant occupied the estate, as the tenant of the plaintiffs, by their permission, and on a promise, either express or implied, to pay rent, the defendant could not be permitted, in this suit, which was for use and occupation, to dispute the plaintiffs' title, and that the plaintiffs would be entitled to recover, without reference to the comparative strength and validity of the respective titles of the parties to the estate; and it is urged that such ruling had a tendency to mislead the jury, as the evidence of title in the defendant would tend strongly to rebut the presumption of any implied contract to pay rent. If the defendant's evidence as to his title had been wholly excluded, there might seem to be some ground for this exception, as the plaintiffs were permitted to read the deed referred to, as evidence of their title. But so far as the case depended upon the strength

34 *

of the respective titles, the defendant was deprived of no benefit; because he was permitted to offer such testimony as he thought best, in support of his own title.

But the ground of the action was for use and occupation of the premises under a contract to pay rent. And the court held that on proof of such an agreement, a comparison of titles would not avail the defendant, because he would not be permitted to deny the plaintiffs' title, as the parties would then stand in the relation of landlord and tenant.

Why, in this action, the plaintiffs put in evidence of their title, and the defendant was allowed to controvert it, by exhibiting proof of his title, does not distinctly appear; as it has often been held by this court that the title to real estate is not to be tried in an action of assumpsit for use and occupation. It is a well settled rule of law, that the tenant shall not controvert the title of his landlord; he shall not call in question the right of him by whose permission he occupies. And though it has been said to be a technical rule, it is founded in convenience, and its tendency is to prevent fraud, to facilitate the letting of estates, and to encourage honesty and good faith between landlord and tenant. See *Cooke* v. *Loxley*, 5 T. R. 4. *Inhabitants of Watertown* v. *White*, 13 Mass. 481. *Codman* v. *Jenkins*, 14 Mass. 93. *City of Boston* v. *Binney*, 11 Pick. 1, and cases there cited.

The result of the authorities is this, that the action of assumpsit for use and occupation depends not on the validity of the plaintiffs' title, but on the contract between the parties, which may be either expressed or implied. Exceptions, indeed, exist; as where the tenant did not enter under the plaintiff or his grantors; or where the agreement expires, and the tenant gives notice of his intending to hold over under an adverse title; or where a judgment for the land has been recovered against the lessor. But the present is not a case falling under either of those exceptions. The plaintiffs proved a contract with the defendant, made on his application to let the estate to him under an agreement to pay rent, and that he had continued to occupy under said contract. However the case, therefore, may have been complicated by a comparison of

titles, for reasons not apparent on the record sent from the court below, we see no reason to question the accuracy of the rulings, or to doubt the correctness of the verdict.

*Exceptions overruled.*