Mr. Justice Walker delivered the opinion of the Court. This was an action of assumpsit for the use and occupation of land. It appears from, the evidence that Byrd conveyed by deed to Chase certain lands, and that in the deed there were certain covenants and conditions relative to the consideration to be paid and to the purchase of certain supposed incumbrances to Byrd’s title. Under this purchase, Chase immediately entered with the consent of Byrd and took possession of the lands. After enjoying their use and occupation for about a year, he abandoned the premises, and refused to comply with the covenants in the deed. The use of the lands, whilst in his possession, was worth $400. These facts were submitted to the Circuit Court, sitting as a jury, and issue found and judgment for the defendant. The question presented for our consideration is, whether, under this state of case, assumpsit can be maintained. It was held by this Court, in the case of Fitzgerald et al. vs. Beebe, (2 Eng. 306,) that, at common law, assumpsit for use and occupation could not be maintained, and had its existence in stat. 11 Geo. II, ch. 19, sec. 14, and that our statute (Dig. 679, ch. 96) is a re-enactment of the English statute enlarged by the provisions of the 13th section. Whether the right of action, by as-sumpsit lor use and occupation, existed prior to 11 Geo. II, as a common law remedy is a question of some doubt. Judge Tucker, in the case of Epps et al. vs. Cole & wife, (4 Hen. & Munf. 167,) controverts the correctness of this assertion, and traces this action as far back as James I, and again re-affirms his opinion in the case of Sutton vs. Mandeville, (1 Mun. 407.) Kentucky and Connecticut, mainly on the research and opinion of this learned Judge, have also held that assumpsit for use and occupation was a common law remedy. Whilst, on the other hand, the Supreme Court of New York has repeatedly decided that no such right of action existed at common law, and referred to the cases of Johnson vs. May, (3 Lev. 150,) Bull. N. P. 138, and 2 H. Bl. 319. Our Court, in the case of Fitzgerald vs. Beebe, (2 Eng.,) seems to have adopted the decisions of the New York Courts, and whilst we admit that the question is not altogether free from doubt, we do not feel at liberty to overrule the decision in that case. Viewed, therefore, as a statutory remedy, whether under the 11 th or 13th section, it must be considered as relating to proceedings between landlord and tenant. The whole act expressly recognizes this relationship. It will also be perceived that the 11 th and 12th sections, by express terms, except out of the provisions of the act “Agreement by Deed,” whilst the 13th section (which seems to have been enacted mainly to prescribe a particular form of action) provides that “ where lands or tenements are held and occupied by any person without any special contract for rent, the owner of such lands or tenements may recover,” &c. Now, as the two preceding sections had given a right of action for rent upon agreements “ except by deed,” and as the 13th section provided a remedy for occupancy without special agreement, we think that, in order to harmonize the sections and give to each a construction, such as will preserve the sense and give effect to the whole, without rendering any portion either unmeaning or superfluous, the term “ special agreement,” in the 13¿/¿ section must be construed to have reference to the special agreements mentioned in the 11th and 12th sections with their qualification, “ except by deed.” Any other construction would render the exceptions in those sections unmeaning and superfluous. For, if not thus restricted, the 13¿/¿ section would cover the whole scope of the other two, so far as the right of action is concerned, and entirely suspend the necessity for their, enactment. Entertaining this opinion, it follows that where the agreement is by deed, the party must resort to his remedy under it, and that assumpsit in such cases is not the appropriate remedy. It has been expressly decided, and we think correctly, that, upon a contract of sale, no such remedy exists. In the case of Smith vs. Stewart, (6 J. R. 45,) the Court, in delivering its opinion, said: “ This form seems to apply only to the case of a demise, and when there exists the relation of landlord and tenant, founded on that relation; here the defendant did not enter under any such relation, but under a contract for a deed, he therefore entered under color of title, which might have been enforced in equity; he was not liable for distress, nor to an action of as-sumpsit for rent.” Such was also the decision of the same Court in 2 J. C. 335. And in the case of Vanderhewvell vs. Storrs, (3 Conn. 208,) it was held that, upon a contract made for the purchase of land, under which the defendant entered, the plaintiff could not recover in an action of assumpsit, even though the defendant refused to complete the contract. And in the cases of Abel vs. Ratliff, 13 J. R. 297. Bancroft vs. Wardwell, id. 489. 1 Wend. 134. Wood vs. Wilcox, 1 Denio 37. Coleman vs. Jenkins, 14 Mass. 93. Pots vs. Lesher, 1 Yeates R. 176, and 4 Phill. Ev. (Cow. & Hill’s notes) 121, it is expressly held that the relation of landlord and tenant must exist between the plaintiff and defendant in order to maintain assumpsit for use and occupation. The case before us is, however, stronger than these. This is not a contract for title, but an actual conveyance by deed, under which the defendant entered and held. And however defective Byrd’s title may have been as against third persons, yet it was conclusive as against Byrd himself: none of the covenants connected with the deed provided for any other or further deed from him. If the grantee failed to perform the conditions imposed on him by the terms of the deed, the grantor must resort to his legal or equitable action upon the covenants for redress. (See 3 Conn. 208. 6 John. Rep. 45.) As well might the plaintiff have declared upon an implied assumpsit for the services of a slave, or the use of personal property to which he had no title, as to have sued for the use of land not his. The relation of landlord and tenant could not, under such circumstances, possibly exist, nor, according to the authorities last cited, did an abandonment of the purchase by the defendant so change their relative positions as to make such relationship exist. The equitable right implied in law to recover for the use of property arises out of the title to the property itself, and without which the law implies no such assumpsit. The Circuit Court, in our opinion, decided correctly in finding the issue for the defendant, and in refusing to set aside such finding and grant the plaintiff a new trial. Let the judgment of the Circuit Court be affirmed.