JOHN A. WARREN *vs.* JASPER F. FERDINAND.

Rent due upon a written lease cannot be recovered under a count for use and occupation; and the defendant may prove such written lease under an answer which simply denies all the allegations of the declaration.

CONTRACT brought to recover for the use and occupation of a tenement. The answer denied each and every allegation of the declaration. At the trial in the superior court, before *Morton,* J., the defendant offered to prove that his occupation of the tenement was under a written lease from the plaintiff; but the judge ruled that under the pleadings the evidence was incompetent. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*E. M. Bigelow,* for the defendant.

*N. Morse,* for the plaintiff.

CHAPMAN, J. Before the existence of the practice act, the general count for use and occupation was proper for the recovery of rent due from a tenant occupying under a parol demise. But where there was a lease under seal, it was necessary to declare either in debt or covenant upon the lease. 1 Chit. Pl. 117, 377. *Richards* v. *Killam,* 10 Mass. 243. *Codman* v. *Jenkins,* 14 Mass. 93. To maintain an action for use and occupation, it was necessary to prove a tenancy under a parol demise. Evidence

of such tenancy might be rebutted by proof on the part of the tenant that he did not thus hold, but held under some other title or claim. *Boston* v. *Binney*, 11 Pick. 1. The practice act abolishes the distinction between actions of assumpsit, covenant and debt, but requires the plaintiff to set forth the substantive facts necessary to constitute the cause of action. If a claim for rent under a parol demise is his cause of action, it is well described by a count for use and occupation; but if the cause of action is a claim for rent upon a lease under seal, he must set forth the lease or the legal effect thereof with proper averments to describe the cause of action. Gen. Sts. *c.* 129, § 2. It is apparent, therefore, that if in an action for use and occupation he were to offer in evidence a tenancy under such lease, there would be a variance between his allegation and his proof, and he could not recover. So if the defendant offers the lease in evidence, it is for the purpose of rebutting and disproving the plaintiff's case. It proves that there was no such tenancy as the plaintiff attempts to establish.

The plaintiff contends that such a lease is a substantive fact which the defendant must allege in his answer, in order to entitle him to offer it in evidence. But it is not to be so regarded, because its direct use is to sustain the defendant's denial of the plaintiff's allegations, whereas a substantive fact is a fact in the nature of confession and avoidance. This construction of the statute was settled in *Knapp* v. *Slocomb*, 9 Gray, 73, and *Very* v. *Small*, 16 Gray, . A contrary construction would require of the defendant to allege the evidence by which he intended to sustain his denial of the plaintiff's allegations.

*Exceptions sustained.*