ALFRED NORTH *vs.* BARAK T. NICHOLS.

There can be no implied contract to pay rent for use and occupation where there is a written lease.

Assumpsit will not lie to recover rent due by a contract of lease executed by the lessee under seal.

ASSUMPSIT for rent of leased premises; brought to the Superior Court in Fairfield county, and tried to the jury, on the general issue, before *Granger, J.*

The plaintiff sued as assignee of one Glover, the lessor of the premises, which were situated in the city of New York. Upon the trial the plaintiff, having offered evidence of the occupation of the premises by the defendant, offered in evidence a written lease of the premises containing a covenant to pay the rent, executed by Glover the lessor and Nichols the defendant under seal, the lease being offered for the sole purpose of showing the amount of rent agreed to be paid by the defendant to Glover. To the admission of this evidence the defendant objected, but the court admitted it.

The defendant requested the court to charge the jury that the evidence so offered did not tend to prove the contract set forth in the declaration, but the court did not so charge, but instructed the jury that if, upon all the evidence in the case, they were satisfied that the defendant had used and occupied the premises, and that the amount agreed to be paid to Glover had not been paid to him, and that the same had been assigned by Glover to the plaintiff, and had not been paid to him, the plaintiff was entitled to recover; and that, for the purpose of ascertaining the amount due to Glover, they might regard the lease as evidence tending to show such amount.

The jury having rendered a verdict for the plaintiff, the defendant moved for a new trial for error in the ruling and charge of the court. He also filed a motion in arrest of judgment for the insufficiency of the declaration, which was reserved with the other motion for the advice of this court.

*Beardsley* and *Thompson*, in support of the motions.]

*Child*, contra.

PARK, J. This declaration was evidently prepared in haste and little attention paid to the form of the suit.

The action was brought to recover the rent of certain premises situated in the city of New York, from the first day of July, 1867, to the first day of October of the same year. The rent had accrued by virtue of a certain lease of the premises in writing, under seal, in which there were mutual covenants to be performed by the parties thereto, and executed by the defendant, as the party of the second part, and one John H. Glover as the party of the first part.

It is obvious that there could be no implied contract between the parties to pay rent for the premises, arising from use and occupation, so long as the written contract concerning the same premises subsisted between them; for there can be but one contract at the same time between the same parties touching the same thing; and if a written contract exists it takes precedence of all others, and forms the only contract between the parties during the time of its existence. *Barry* v. *Ryan*, 4 Gray, 523.

This contract prescribes the amount of rent to be paid, and the times when payment should be made, and if the defendant failed to pay the rent in controversy he failed to pay it according to the terms of the written lease.

If this is so the plaintiff cannot sustain his action of assumpsit, for that action will not lie where the cause of action arises upon a contract under seal.

Judge Swift, in the first volume of his Digest, on the 574th page, says, in commenting upon the action of assumpsit, " It will not lie upon contracts under seal, or by record, which distinguishes it from debt and covenant." This is saying, in other words, that assumpsit will not lie where the subject matter in controversy arises upon a contract under seal. So also upon the 417th page, he says that, " where there is a deed under seal, containing a covenant to pay the rent, the

action must be either covenant or debt." This is precisely the case under consideration. So also upon the 576th page, he says, " Where a party has a security of a higher nature, he must found his action thereon; and as the law has prescribed different forms of action on different securities, assumpsit cannot be supported where there has been an express promise under seal or of record; but the party must proceed in debt or covenant where the contract is under seal." The following authorities are equally explicit and to the same effect. 1 Chitty on Pleading, 98, 344; *Barry* v. *Ryan*, 4 Gray, 523; *Brewer* v. *Dyer*, 7 Cush., 337; *Codman* v. *Jenkins*, 14 Mass., 93.

Such being the case, it is unnecessary to consider whether the form of action that the plaintiff has brought is fatally defective in substance, as the Superior Court must be advised to arrest the judgment on the ground that the form of action is not adapted to the plaintiff's case.

We think the views we have expressed show also that the defendant must succeed in his motion for a new trial. If assumpsit will not lie where the cause of action arises on a contract under seal, then it follows that a contract under seal will not support or be admissible in evidence under an action of assumpsit, where the contract lies at the foundation of the plaintiff's case, as it does here. We think therefore the evidence in relation to the lease should have been excluded, or the court should have charged the jury as requested by the defendant.

The Superior Court must be advised to arrest the judgment, and grant a new trial.

In this opinion the other judges concurred; except CAR-PENTER, J., who did not sit.