UTICA,
Aug. 1828.

Featherston-
haugh
*ads.*
Bradshaw.

FEATHERSTONHAUGH *ads.* BRADSHAW.

An action of *assumpsit* for use and occupation, will not lie against a tenant who holds over after the expiration of his term, where proceedings are instituted against him, to turn him out of possession under the statute. The statute giving the action for use and occupation applies only where the relation of landlord and tenant exists, founded on an agreement either express or implied. A proceeding under the statute. (*Statutes, vol.* 5, b. 176,) is in the nature of an ejectment, by which the relation of landlord and tenant is disavowed. The plaintiff probably has his remedy in such a case by an action of trespass for the mesne profits as for double rent under the statute.

THIS was an action of *assumpsit*, for the use and occupation of a farm, tried at the Schenectady circuit in January, 1828, before the Hon. William A. Duer, one of the circuit judges. ·The defendant hired of the plaintiff the premises in question for one year, from the first day of April, 1821, at a rent of seventy five dollars. At the expiration of the year he paid the rent, and continued in the possession of the premises until July, 1824, *against the will of the plaintiff*. The defendant moved for a nonsuit, which was refused, and the defendant excepted.

The defendant then produced in evidence a record of a judgment in this court in a *certiorari* case, removing certain proceedings had before a judge of the common pleas of Schenectady, on the application of the plaintiff against the defendant for *holding over* after the expiration of his term, under the statute ; (*Statutes, vol.* 5, b. 176, *passed 13th April*, 1820 ;) from which it appeared that in May, 1822, the plaintiff instituted the said proceedings, and made oath that the defendant held over and continued in possession of the premises after the expiration of his term, without the permission of the plaintiff; and on the 21st of the same month, the judge ordered the plaintiff to be put in possession of the premises. The defendant removed the proceedings into this court by *certiorari*, and in May term, 1824, the proceedings before the judge were affirmed, and the plaintiff obtained judgment to have possession of the premises. The judge charged the jury, that although the defendant, occupied the premises against the will and consent of the plaintiff, after the expiration of the term, yet the plaintiff was entitled to recover in this form of action for the use and occupation. To which direction the defendant excepted, and the jury found a verdict for the plaintiff for $168,75.

*S. W. Jones,* for defendant,

*A. Van Ingen,* for plaintiff.

UTICA,
Aug. 1828.

Featherston-
haugh
*ads.*
Bradshaw.

*By the Court,* SUTHERLAND, J. The only question in this case is, whether an action for use and occupation can be sustained against a defendant who, entering upon the plaintiff's premises under a parol lease for a year, held over after the expiration of the year for two years, against the will of the landlord, and was finally *turned out of possession by proceedings under the act of April* 13, 1820; the proceedings having been commenced immediately after the expiration of the term. It was ruled at *nisi prius,* that the action could be sustained. In this opinion, I am inclined to think the learned judge erred. At common law, no action of *assumpsit* would lie for rent, except on an express promise made at the time of the demise. (3 *Lev.* 150. *Bull. N. P.* 138.)

The present action is given by the 31st section of our statute concerning distresses, rent, &c. (1 *R. L.* 444,) which was taken from the 11 *Geo.* 2, *ch.* 19, *sect.* 14. This statute has been held to apply only to the case of a *demise,* and when there exists the relation of landlord and tenant, founded on some *agreement* either express or implied. (*Smith* v. *Stewart,* 6 *Johns. R.* 46.) In *Osgood* v. *Dewey,* (13 *Johns. R.* 240,) the tenant entered under a parol demise for a year, at the rent of $9, which he paid at the end of the year, and continued in possession for three years more, without any new agreement, and without paying any rent; the action for use and occupation for the three years rent was sustained. It was remarked that this a       lay as well where the holding was upon an implied a       a an express permission of the landlord, and that thoug       new agreement was shewn for the three last years, yet       continued possession of the tenant holding over was charac       zed by the previous lease, and was to be deemed a holdin       *by the implied permission of the original lessor.* (*Abeel* v. R       *cliff,* 13 *Johns. R.* 297.) In *Bancroft* v. *Wardwell,* (13 *Joh*  *s. R.* 489,) the doctrine was again repeated, that the action can only be maintained when the relation of landlord and tenant exists between the parties; it has been held that it would not lie against a person who came in under the plaintiff as a purchaser. (2 *Johns. C.* 335. *Woodfall,* 350.)

UTICA,
Aug. 1828.

Featherston-
haugh
*ads.*
Bradshaw.

The record of the proceedings under the act of April 13, 1820, by which the defendant was turned out of possession in this case, was given in evidence. The plaintiff's affidavit furnished a part of the record, in which he swore that the holding over of the defendant was entirely without his assent or permission. The assent of the landlord cannot be implied, when he swears in terms that he did not assent to the holding over.

The proceeding under this statute, is in the nature of an ejectment suit ; it is a summary mode of obtaining the possession of land under certain circumstances. Now, it is well settled, that an action for use and occupation will not lie to recover rent accrued subsequent to the demise laid in the declaration in ejectment. The lessor denies that the relation of landlord exists after that period, and treats the defendant as a trespasser ; he cannot, therefore, sustain an action which supposes the relation to have existed during the same period. (1 *T. R.* 378, 387. *Cowp.* 246.)

The same principle was maintained in *Jackson* v. *Sheldon,* (5 *Cowen,* 448,) where a lessor who had distrained for rent, though the distress proved insufficient, was held by the act of distraining to have affirmed the existence of the tenancy at the time when the rent fell due, so as to preclude him from bringing an action of ejectment for the non-payment of the same rent upon the claim of re-entry.

The affidavit of the plaintiff in this case, made in May, 1822, alleges the holding over, after the termination of the year, to have been without his assent and against his will. This certainly is conclusive evidence against the plaintiff, that the relation of landlord and tenant was then at an end. It is equivalent to a demise in ejectment, and estops the plaintiff from maintaining an action which proceeds on the supposition that the relation of landlord and tenant then existed.

The plaintiff probably has his remedy by an action of trespass for the mesne profits, as for double rent under the statute.

New trial granted.