# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT,

### 1852.

## COUNTY OF PENOBSCOT.

### LARRABEE *versus* LUMBERT.

Where the grantor of land remains in possession after the conveyance, a legal presumption arises that he is tenant to the grantee.

Upon that presumption, if uncontrolled, assumpsit for use and occupation may be maintained.

That presumption may be repelled by parol proof.

After notice to quit, the grantee may elect to treat the grantor, if in possession, as holding by wrong, and not as a tenant.

The bringing of a writ of entry is such an election.

Such writ of entry with possession thereby obtained, precludes a recovery for use and occupation.

ON FACTS AGREED.

ASSUMPSIT, for use and occupation.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, and APPLETON, J. J., was drawn up by

APPLETON, J. — Assumpsit, for use and occupation, is an equitable action. It is founded on a contract, and unless one express or implied is established, it cannot be maintained.

By the facts as agreed upon by the parties, it appears that on the twelfth of April, 1846, the defendant, by deed of warranty, conveyed to the plaintiff a store in Bangor, the rent of which he demands in this suit. It is further agreed that the defendant, after giving the deed, remained in the possession and occupation of the premises, taking the rents and profits, till the tenth of July, 1850.

It is well settled that when the grantor remains after the conveyance, in possession of the premises conveyed, the presumption is, that he is there rightfully and as tenant of the grantee. *Sherburne* v. *Jones*, 20 Maine, 70. Were there no other facts to be considered, the right of the plaintiff to recover would seem indisputable.

But the presumption, that the grantor remaining in possession, is to be deemed a tenant, is like other presumptions, and may be controlled or disproved by counter proof. In the absence of all other evidence, it suffices as a basis for the action of the Court in the direction which it indicates. " Presumptions of law are suppositions or opinions previously formed on questions of frequent occurrence, being found from experience to be generally accordant with the truth, and remain of force till repelled by contrary evidence. It is observable, that formerly many of the presumptions of law were considered too powerful to admit contradiction ; but this doctrine is now confined principally, if not altogether, to cases of estoppel." Mathews on Presumption, 1.

The plaintiff offers no proof of any express contract nor of any implied one, except so far as it may be inferrable from the legal presumption arising from the grantor's continuance in possession after his grant. To negative this presumption, the defendant has offered evidence to show that the deed referred to, though absolute in form, was given only for purposes of security ; that, except for such purpose, it was without consideration ; that the plaintiff refused to take a mortgage or give

back a bond conditioned to reconvey the estate upon being paid, saying, that he wanted the deed so that the defendant should be prompt, that if the notes should be paid the store should be reconveyed, and that he did not want any thing to do with the store, unless he had to pay or advance the money to pay the notes; that if he had to pay or advance "and wait three years, he was to have it." It was in evidence that other real estate was conveyed in mortgage to the plaintiff for security, and that since the commencement of this suit the plaintiff's claim has been fully paid.

It is objected that this testimony is inadmissible, because its tendency is to affect the plaintiff's title. If it were offered for the purpose of altering or varying the terms of the grant, it could not upon legal principles be received. But this is not the object. The verbal agreement can in no way alter, diminish or control at law the plaintiff's rights to the land conveyed. The instant the deed was delivered, the grantee's rights under it were as great as those derived from any conveyance. The grantee might instantly enter and take the rents and profits; he might lease or convey or in any other mode control the estate as fully as if no verbal agreement had been proved. If the debt were paid, he might deny the equitable interests of the defendant, and he would be remediless at law. But the evidence is not offered to change or vary any of the ordinary legal results of the conveyance. They remain entirely unaffected thereby. The plaintiff did not enter into possession as he might have done, but permitted the defendant to remain in the undisputed enjoyment of the premises, and this evidence is offered to show what were the relations between the parties to the deed after its delivery. The action of assumpsit for use and occupation may be maintained upon parol evidence, and the same evidence is receivable to defeat it. The claim of the plaintiff rests only on a legal presumption. Proof is properly admissible to show why and wherefore the demandant continued in possession, and thus to rebut a presumption of law or establish its inapplicability as affecting the legal rights of the parties.

For such purposes the evidence offered is admissible and being admitted, the inference is irresistible that the presumed relation of landlord and tenant, upon proof of which alone the plaintiff can hope to recover, never existed. That the conveyance was merely for purposes of security, though absolute in form; that the defendant remained in possession without any contract or agreement to pay rent; that rent was never demanded by the plaintiff and never paid by the tenant; that other lands were mortgaged for the same purpose and at the same time, of which no rent has been claimed, all tend to prove that the plaintiff at the time never thought of leasing, nor the defendant of receiving a lease, or being considered a tenant of the premises.

The premises for the occupation of which rent is sought to be recovered, had been mortgaged on 27th of January, 1845, to the President, Directors and Company of the Kenduskeag Bank, and the plaintiff took an assignment of the same on the 12th of April, 1849. If the defendant were to be regarded as tenant to any one, it would seem to be to the Kenduskeag Bank, their title being prior in time to the plaintiff's, and the Bank could alone enforce a claim for rent accruing before their assignment; but it is unnecessary to discuss that question, inasmuch as the action is not, on other grounds, maintainable.

The plaintiff having on the 12th of April, 1849, received an assignment of the mortgage given by the defendant to the Kenduskeag Bank, on the same day gave him notice to quit, and on the 4th of June following, he commenced a writ of entry to recover the possession of the store of which he had a conveyance, and having obtained judgment in his favor, June 10th, 1850, he entered by virtue of his judgment and execution in possession thereof, and has continued in the occupation of the same to the present time.

The plaintiff, it will be remembered, claims to receive rent up to the time of his entry into the premises, under the execution he had obtained in the suit to which reference has just been made.

The relation of landlord and tenant, it has been seen, did not exist prior to the notice to quit. If it had existed before, the plaintiff would then have terminated it, and might henceforth treat the defendant as a disseizor or not, at his election. By bringing a writ of entry he terminated that election, and chose to consider him as a disseizor. This action for use and occupation is now founded upon a tort, and cannot be maintained against a disseizor. The plaintiff, having recovered judgment against the defendant in a writ of entry, cannot now waive the dissiezin, which was the only ground upon which he recovered in that suit, and now recover for use and occupation. The defendant cannot at the same moment be a tenant and entitled to possession and responsible for rent, and a disseizor and liable to be dispossessed by writ of entry, as being wrongfully in possession.

The judgment therefore disproves the very existence of the relation of landlord and tenant. *Birch* v. *Wright*, 1 D. & E., 371. " It is well settled," says Sutherland, J. in *Featherstonhaugh* v. *Bradshaw*, 1 Wend. 134, " that an action for use and occupation will not lie to recover rent accrued subsequent to the demise laid in the declaration in ejectment. The lessor denies that the relation of landlord exists after that period and treats the defendant as a trespasser; he cannot therefore, sustain an action which supposes the relation to have existed during the same period." *Walker* v. *Prescott*, 6 N. H. 98; Taylor's Landlord & Tenant, 294.

The plaintiff has been fully paid. The deed under which he claims being intended only as security for a debt would be deemed by a Court of Equity a mortgage, and upon payment of the debt secured, a reconveyance would be decreed. *James* v. *Johnson*, 6 Johns. Ch. 417. In this State, if the same facts were admitted in an answer, the same results would follow.

It would be absurd to authorize a recovery of money, which a Court of Equity, if the same facts were before them, would decree to be repaid. The law requires no such absurdity.

In the writ of entry on which the plaintiff recovered judgment, he had inserted a count claiming damages for the rents and profits of the demanded premises from the time his title accrued, in pursuance of the provisions of R. S. chap. 145, sect. 14, 15. The writ was subsequently amended by striking out this count. The right so to declare is permissive and not compulsory. It was probably given to avoid the necessity of bringing trespass for mesne profits after a recovery of the premises. In no view can it be deemed a substitute for the action for use and occupation, which would not lie under such circumstances, or as authorizing that action to be brought, when before it would not lie.

In no view of the case, can the action be maintained. In accordance with the agreement of the parties a nonsuit must be entered. *Plaintiff nonsuit.*

*Peters,* for the plaintiff.

*Rowe & Bartlett,* for the defendant.