## UNION COMPANY *vs.* DAVID WHITELY.

The bond required by Pub. Stat. R. I. cap. 220, § 14, from a defendant who takes exceptions to the rulings of a Special Court of Common Pleas, conditioned to pay "all rent or other moneys due, or which may become due, pending the action, and such damages and costs as may be awarded against him," covers damages for wrongful occupation, even where the relation of landlord and tenant has never existed.

EXCEPTIONS to the Court of Common Pleas.

*May* 28, 1855.   DURFEE, C. J.   This is an action of debt on a bond given by William Sprague and Inez Sprague, his wife, as principals, and by the defendant as surety, in an action of trespass and ejectment brought by the plaintiff corporation against said William and Inez, to recover possession of an estate occupied by them in the city of Providence.   In the action of trespass and ejectment the plaintiff corporation recovered judgment for possession; but in the course of the trial, which was had in a Special Court of Common Pleas, the said William and Inez excepted to certain rulings of the special court and gave the bond in suit, with a view to carrying the case into the Supreme Court on exceptions. Accordingly the case was carried into the Supreme Court, where the exceptions were overruled and the judgment of the special court was affirmed.[1]   The bond was given as required by Pub. Stat. R. I. cap. 220, and particularly by § 14 of cap. 220, which reads as follows, to wit: —

"SECT. 14.   In case such right" [*i. e.* the right to carry the case to the Supreme Court on exceptions] "be claimed by a defendant to an action in such special court, he shall, in addition to the ordinary bond to prosecute, within twenty-four hours as aforesaid, give bond to the plaintiff, with sufficient surety or sureties to the satisfaction of such justice, in such sum as the justice may order, that he will pay *all rent or other moneys due or wh ch may become due pending the action*, and such damages and costs as may be awarded against him."

The bond was given with condition in the language of § 14. The declaration in the case at bar sets forth the bond and condition, and assigns breaches as follows, to wit: " And the plaintiff avers that said William Sprague and Inez Sprague have not kept

[1] See *Union Company* v. *Sprague*, 14 R. I. 452.

and performed the condition of said writing obligatory, but have broken the same in this : that the said William Sprague and Inez Sprague or either of them, or any other person for them or either of them, have not paid the rent or any other moneys due to said plaintiff at the date of said writing obligatory, or any part thereof, or any rent or moneys which have become due to said plaintiff pending said action, or such damages and costs as have been awarded to said plaintiff, or any part of the same," etc.   The defendant pleaded *nil debet*.   The bill of exceptions shows that it appeared on the trial of the case at bar that the relation of landlord and tenant had never existed between the plaintiff corporation and William and Inez Sprague, but on the contrary that William and Inez held the estate sued for in the special court action adversely to the plaintiff corporation, claiming it in the right of Inez under an independent title, whereas the plaintiff corporation claimed as purchaser at a mortgagee's sale, and prosecuted the action under the eighth clause of Pub. Stat. R. I. cap. 195, § 2, which confers on special courts jurisdiction " of all actions brought for the possession of lands, tenements, and estates sold under mortgage."   The defendant in the case at bar thereupon asked the court below to charge the jury that the plaintiff, having failed to prove that the relation of landlord and tenant existed between the parties to the special court action, had failed to prove a breach of the bond.   The court refused so to charge, but did instruct the jury to bring in a verdict for the plaintiff.   The question raised by the exceptions is whether the court erred.   The defendant contends that the bond does not cover a claim to damages for wrongful occupation.   The bond, being in the language of the statute, must be construed as the statute should be construed. The question, therefore, is whether the words " all rents or other moneys due or which may become due pending the action," as used in the statute, are broad enough in their meaning to cover damages incurred by wrongful occupation where the relation of landlord and tenant has never existed.   Of course the word "rent" implies the relation of landlord and tenant, but the language is, " rent or *other moneys due or which may become due*." The defendant argues that the phrase, " moneys *due* or which may become *due*," imports an obligation by contract, express or im-

plied, and not a mere liability to damages for tort. It is doubt-less true that we oftener use the phrase " moneys due " to signify an obligation to pay money under a contract, or for the breach of a contract, than we do to signify a liability to pay money by way of damages for a tort ; but nevertheless we do not think the phrase, if used with the latter signification, would be very much at fault, since an obligation to pay money may be incurred by tort as well as by contract. A statute should be construed, if possible, so as to make it effectual for the purposes for which it was enacted. The provision in question was manifestly intended for the security of parties plaintiff ; for without it, defendants in ejectment, especially if pecuniarily irresponsible, would be constantly resorting to exceptions for delay, so that pending the actions they might enjoy the use of the premises sued for. The provision ought, therefore, to be construed liberally to effectuate its intent ; and, so construing it, we find no difficulty in holding that it covers damages for wrongful occupation or detention as well as rent. Indeed, if we were to hold that the provision covers only moneys due by contract, we should have to hold that it does not cover money for the use of a tenement sued for pending the action, where the suit is by a landlord to eject a tenant holding over after the expiration of his term, for in such case the commencement of the action terminates the tenancy, and the subsequent occupation is a trespass. *Birch v. Wright,* 1 Term Rep. 378 ; *Featherstonhaugh* v. *Bradshaw,* 1 Wend. 134 ; *Jones* v. *Carter,* 15 M. & W. 718 ; *Russell* v. *Fabyan,* 34 N. H. 218. Evidently such a construction would conflict with the plain purpose and meaning of the act, and it therefore cannot be adopted.

The exceptions must be overruled, and the judgment of the court below affirmed, with costs of this court, and the case stand for chancerization. *Exceptions overruled.*

*Charles H. Parkhurst & Rathbone Gardner,* for plaintiff.

*Andrew B. Patton,* for defendant.