## PATTERSON AND FRISBIE *v.* ELY *et als.*

WHERE, in ejectment, the verification to the complaint made by one of the plaintiffs is, that "the foregoing complaint is true of his own knowledge, except as to the matters therein stated on the information and belief of plaintiffs, and as to those matters he believes it to be true:" *Held*, that the verification is sufficient, although the person making the oath does not state that he "has read the complaint, or heard the complaint read, and knows the contents thereof."

The verification prescribed by secs. 55 and 113 of the Practice Act, though differing in form, is the same in substance. A party who swears to the truth of a pleading, thereby affirms a knowledge of its contents, even though his affidavit does not contain the statement that he has read or heard it read, and knows the contents thereof.

n ejectment, the complaint verified alleged ownership in plaintiffs, possession by defendants of the premises from a designated period, and the withholding of that possession from plaintiffs from that period, and that the value of the use and occupation, rents and profits of the premises during such possession was $10,000; the answer contained no specific denial of these allegations, and under directions of the Court plaintiffs had verdict and judgment on the pleadings for $10,000 damages :. *Held*, that the verdict and judgment must stand; and that, the claim for damages resting entirely upon the uncontroverted allegations of the complaint, the Court below erred in granting a new trial, unless plaintiffs should remit all the damages except one dollar.

Courts may impose, as a condition of allowing a verdict to stand in other respects, the remission of damages in cases where there was no evidence on the subject of damages, or where the evidence was entirely incompetent, or where the Court differs from the jury as to the effect of the evidence. But where, as in this case, the verdict for the damages was based entirely upon an admission by the record, it must stand. The admission, if good for anything, is good for the entire amount specified.

If a pleading does not contain a statement of any matters on *information or belief*, there is no occasion for any expression of belief in the verification under sec. 55 of the Practice Act as to any such matters.

The object of the verification is to insure good faith in the averments of the party. If he aver matters positively, the verification will be sufficient if his affidavit state that the pleading is true of his own knowledge; if he aver matters "upon information *and* belief," or "upon information *or* belief," the verification will be sufficient if his affidavit state, that as to the matters thus averred, he believes the pleading to be true.

A verification to a complaint is sufficient, though made by only one of the plaintiffs.

Where the complaint in ejectment avers that the value of the "use and occupation, rents and profits" of the premises for the period during which the defendants were in possession and withheld possession from plaintiffs, is $10,000, and the answer contains no specific denial of such averment: *Held*, that the averment, under the statute, for the purposes of the action is to be deemed admitted, and therefore constitutes conclusive evidence of the extent of the damages, and authorizes the jury to assess the damages to that extent.

Patterson *v.* Ely.

*Held further,* that the finding of a jury based upon an admission of the parties by the pleadings, or otherwise, is not less an assessment of damages, than if the finding were made upon conflicting evidence.

In ejectment, an allegation of the value of the "use and occupation, rents and profits" of the premises for the period during which defendants were in the wrongful possession and excluded plaintiffs, is sufficient to charge defendants, without any averment that they received such rents and profits. The terms "rents and profits" are not used in the present case in a technical sense. The whole averment is in effect only that the value of the use of the premises, while plaintiffs were wrongfully excluded, was the amount stated.

Surprise is not of itself ground for a new trial, or a reduction of damages. To authorize a new trial, or reduction of damages, the surprise alleged must be such that ordinary prudence could not have guarded against it, and the proceeding which creates it must have prevented the presentation of the case upon its merits. With the allegation of surprise, the party must show that he has been injured by it.

In an affidavit for a new trial, the allegation of the affiant that "as *he is informed and believes,* the damages assessed were excessive and more than could be recovered on a fair trial of the action," is insufficient as a statement of a meritorious defense upon which to justify any disturbance of the verdict. The facts should be stated from which the Court can perceive whether the damages are excessive, and whether on another trial there would be any probability of a verdict for a less amount, or that there is any defense to the claim.

Where a cause in the Supreme Court is submitted on briefs, the order of submission providing that a copy of the briefs must be served on the opposite party, he to have a certain time thereafter to answer, and no copy is served, and the Court decides the case against him without any brief on his part, a rehearing will be granted on his application without reference to the merits of the case.

Verbal stipulations as to the pleadings or evidence cannot be regarded, except as they are admitted by the parties against whom they are invoked.

*Peters* v. *Foss* (16 Cal. 357) and *Lestrade* v. *Barth,* (17 Cal. 285) as to granting a new trial, commented on.

Where several defendants in ejectment unite in an answer amounting to a general denial, a joint general verdict is proper, though the answer concludes with a prayer for separate verdicts. To entitle defendants to separate verdicts, they should set forth with specific description the parcels which they severally occupy or claim, and thus direct the attention of the plaintiff to the course of defense upon which they will separately insist.

APPEAL from the Seventh District.

Ejectment by Frisbie and Patterson against Ely and fifty-seven other defendants, for a tract of land in Sonoma county, containing over 15,000 acres, with a prayer for an injunction to restrain waste.

The complaint alleges that on the fourth of August, 1859, the plaintiffs were, and ever since have been and still are the owners in fee

Patterson *v.* Ely.

simple of the premises, and entitled to the possession of the same; that on the fifth of August, 1859, the defendants wrongfully and unlawfully entered into possession of the premises and have ever since wrongfully and unlawfully continued and now are in such possession, and wrongfully and unlawfully withhold the possession thereof from plaintiffs; and " that the value of the use and occupation, rents and profits of said premises since the fifth day of August, 1859, is and has been $10,000," and prays judgment for the possession and for $10,000 damages. Then follow the allegations upon which the equitable relief by injunction is sought. The complaint is verified, the verification being as follows:

" STATE OF CALIFORNIA,   } ss.
" City and County of San Francisco. }

" Wm. H. Patterson, one of the plaintiffs, being sworn, says the foregoing complaint is true of his own knowledge, except as to the matters therein stated on the information and belief of plaintiffs, and as to those matters he believes it to be true.

                              " WM. H. PATTERSON.
" Sworn to before me, July 23d, 1860.
      [Seal.]                    " SAM'L HERMANN,
                                    " Notary Public."


The defendants united in a single answer, which, after setting out all their names, is as follows: " Sued and impleaded in the above entitled action, each for himself separately answers the complaint filed herein against them, and each for himself generally and specially denies each and every allegation in said complaint contained, and avers that the same are all and singular untrue. Wherefore, the defendants each and all pray for separate verdicts on the trial of this action, and for judgment against the said plaintiffs, and for such other relief as they may be entitled to receive."

On the trial, the plaintiffs introduced a patent of the United States, embracing the premises in controversy, issued to the heirs of José G. Pina upon a confirmation of a grant to him from the Mexican Government, under the Act of Congress of March 3d, 1851, and traced title to themselves from the patentees. The grant

upon which the patent was issued was made to Pina October 14th, 1843, by Micheltorena, then Governor of California, and was duly approved by the Departmental Assembly.    The recitals in the patent show that the petition of the heirs for the confirmation of their claim under the grant was presented to the U. S. Board of Land Commissioners on the fifth of August, 1852 ; that the claim was confirmed by said Board June 26th, 1855 ; that the decree of the Board was affirmed by the U. S. District Court on the ninth of March, 1857 ; that the Attorney General of the United States having given notice that an appeal would not be prosecuted, the said District Court, on the second of April, 1857, entered a decree that the claimants have leave to proceed upon the decree of that Court as upon a final decree ; and that in April, 1858, an official survey was made under said decree by directions of the U. S. Surveyor General for California, and was by him approved on the fourth of October, 1859.

Upon this approved survey and the decree of confirmation, the patent was issued.

For proof of damages plaintiffs relied on the pleadings, contending that all the allegations of the complaint were, under the statute, admitted by the answer, stating, at the same time, that by a verbal stipulation between the parties, made two weeks before, the answer was to be regarded as duly verified.

Defendants' counsel then protested that defendants were taken by surprise at this construction of the answer, on the alleged ground that fifteen days previously, when the demurrer was overruled and defendants' counsel was considering the propriety of amending the answer and having it verified so as to avoid any question as to its sufficiency, the verbal stipulation referred to was made between the counsel of the respective parties, whereby defendants' counsel understood that it was unnecessary to take any trouble on that account, and that the sufficiency of the answer would not be questioned on the trial ; while now it is claimed that the stipulation was only that the answer, the general issue on file, should be considered as duly verified.    Defendants' counsel moved the Court, on the ground of surprise, to be allowed to amend and verify the answer so as to answer the charges of the complaint.

The Court then decided that under its rule no notice could be taken of a verbal stipulation between counsel, and no action of the Court could be predicated thereon ; whereupon plaintiffs' attorney, with leave of Court, had entered in the minutes of the Court by the Clerk, what he stated to be the exact and only stipulation in relation to the defendants' answer, and the verification thereof made by plaintiffs, or any of plaintiffs' attorneys or counsel, with defendants or either of the defendants' counsel, which said entry. was : " That the defendants' answer on file should be treated for all purposes of the action as if sworn to or verified by defendants." To this entry no objection was then made by defendants' counsel. Plaintiffs' counsel then made an affidavit that plaintiffs were not prepared with evidence upon the question of damages, whereupon the motion to amend was denied, defendants excepting.   Defendants offered no evidence, but insisted on separate verdicts as to each defendant.

The Court then charged the jury to the following effect : " 1st. That plaintiffs were entitled to recover the entire possession of the premises sued for against all of the defendants jointly, and directed the jury so to find ; and 2d, that the plaintiffs were entitled to re-cover the full amount of the damages sued for in the complaint, to wit : $10,000 against all of the defendants jointly, and directed the jury so to find."   To each of which instructions defendants excepted.   Verdict for plaintiffs, the damages being assessed at $10,000 and judgment accordingly.   Defendants moved for a new trial for alleged errors of law occurring at the trial, insufficiency of the evidence to justify the verdict, and " accident and surprise which ordinary prudence could not have guarded against, by which the defendants were materially injured and prevented from having a fair trial ;" and supported their motion by affidavits stating the circumstances under which the verbal stipulation was made, and that their impression from such stipulation was, that defendants in waiving the verification to the answer also waived all objections to the sufficiency thereof.   The affidavits do not allege that defendants have any merits, or could produce any evidence in diminution of damages.   The only allegation on this subject is by one of the attorneys for defendants, that, as he " is *informed and believes*, the

Patterson *v.* Ely.

amount of damages thus assessed against the defendants was and is excessive, and far more than could be obtained upon a fair trial of this action ; and that the said defendants have had great wrong and injustice done to them by reason of the said surprise and the consequent judgment against them."

The Court made an order that in case the plaintiffs, within twenty days after service of a copy of the same, " remit the total amount of money damages over the sum of one dollar, then, and in that case the judgment shall stand, and the motion for new trial be denied ; but if plaintiffs shall refuse or neglect to remit as aforesaid, then the motion to set aside the verdict and judgment and for a new trial shall be granted."

Thereupon plaintiffs refused so to remit, notified defendants of such refusal, and appealed to this Court from the order.

*W. W. Stow,* for Appellants.

I.   The verification to the complaint complies substantially with the statute.   (Prac. Act, sec. 55.)

II.   The answer is but a general denial, and does not put in issue any material fact alleged in the complaint.   (*Stewart* v. *Street,* 10 Cal. 372 ; *Curtis* v. *Richards & Vantine,* 9 Id. 33 ; *White et al.* v. *White,* 11 Id. 69 ; *Dewey* v. *Bowman,* 8 Id. 145 ; *Humphreys* v. *McCall,* 9 Id. 59 ; *Mitchell* v. *Steelman,* Id. 369.)

III.   The allegations of the complaint being admitted under the statute, by the general denial, authorized the verdict of the jury.   (*Smith* v. *Billett,* 15 Cal. 23, 26 ; *Hunt* v. *The City of San Francisco,* 11 Id. 250 ; *Payne* v. *Treadwell,* 16 Id. 220.)

IV.   The order of the Court granting a new trial was erroneous. Had plaintiffs accepted the terms, and remitted the entire amount of the damages over one dollar, it would have deprived them of all right to recover the damages, or rents and profits, which the pleadings admit they have sustained.   If the plaintiffs had proved the damages exactly as stated in the complaint, and the jury had found a verdict therefor, the verdict could not have been set aside.   Upon a proper case, plaintiffs have as much right to damages as to possession.   There is no distinction between plaintiffs' right to retain the verdict and judgment for the possession, and the verdict and

judgment for the damages. The right to the latter is as much admitted by the pleadings as the right to the former.

V. The verdict and judgment should not have been set aside on the ground of surprise. 1st. Because there is no showing that defendants have a defense. 2d. Because there is no showing that the averments of the complaint are not strictly true. 3d. Because the answer was in its present form deliberately put in. If defendants were mistaken in the law, or in the legal effect of their answer, it is no ground of relief. (*Musgrove* v. *Perkins*, 9 Cal. 211.)

· VI. Defendants not having severed in their answer, and not having defended for any particular portion of the tract, plaintiffs had a right to a general verdict against all of them. (*McGarvey* v. *Little*, 15 Cal. 27 ; *Lick* v. *Stockdale*, 18 Id. 219.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The verification to the complaint complies with the statute, treating the complaint as a pleading in an action of ejectment. (Prac. Act, sec. 55.) A somewhat different form, but amounting in substance to the same thing, is prescribed where an injunction is sought upon the complaint. (Prac. Act, sec. 113.) In the latter case, the affidavit must also state that " the person making the oath has read the complaint, or heard the complaint read, and knows the contents thereof," though without the use of these words a knowledge of the contents of a pleading is affirmed by every one who undertakes to swear to its truth. The complaint being properly verified, the answer should have controverted its material allegations specifically, and not having done so, they are, says the statute, " for the purposes of the action to be taken as true." (Prac. Act, sec. 65.) The allegations as to the ownership of the plaintiffs, the possession of the defendants, the withholding of that possession from the plaintiffs, and the value of the use and occupation and rents and profits during such possession being " taken as true," for the want of a specific denial in the answer, entitled the plaintiffs to the verdict which they obtained. And it is difficult to perceive why the verdict should not be allowed to stand for the whole amount of the damages found, if it can be rightfully allowed to

Patterson *v.* Ely.

stand for one dollar. There was no evidence introduced on the subject, the entire claim resting upon the uncontroverted allegation of the complaint. It is not like the case where, from the want of all evidence upon the subject of damages, or from the evidence being entirely incompetent, the Court may impose, as a condition of allowing the verdict in other respects to stand, the remitting of the damages found. Nor is it like the case where the Court may differ from the jury upon the effect of the evidence, and therefore, properly require a reduction of the damages recovered. It is a case upon an admission by the record. If good for anything, it is good for the entire amount specified.

The surprise alleged did not of itself entitle the defendants to a new trial, or to any reduction of damages. They may have been under the impression, from the verbal stipulation, that no objection would be taken to the sufficiency of the answer, and been surprised when the objection was urged. Yet it is very evident that had the stipulation been at the time reduced to writing, there would have been no misapprehension as to its effect, and no surprise at the construction given. The surprise was not such that ordinary prudence could not have guarded against; and it is only when the surprise arises under circumstances of this kind, and when the proceeding which produces it prevents the presentation of the case upon its merits, that it constitutes a ground for a new trial. Verbal stipulations as to the pleadings or evidence cannot be regarded, except as they are admitted by the parties against whom they are invoked. Any other rule would lead to endless disputes. In the present case, the counsel of the plaintiffs only admitted that the verbal stipulation went to a waiver of the verification, and on the trial it was entered in the minutes of the Court as having only that extent. And it does not appear that any injury was occasioned to the defendants by the effect given to the stipulation. They do not state in the papers upon which the motion was made, that the value of the use and occupation and rents and profits is not correctly alleged in the complaint, nor that they can diminish the amount by any evidence which they can produce, nor that they intended to offer any evidence on the subject, nor that they have any defense whatever to the claim. One of the counsel does, it is true, aver in his affi-

davit, that, as he " is informed and believes," the damages assessed are excessive and more than could be recovered on a fair trial of the action; but this averment is manifestly insufficient as a statement of a meritorous defense and of injuries received, upon which to justify any disturbance of the verdict. No facts are stated from which the Court can perceive that the damages are excessive, or that on another trial there would be any probability of a verdict for a less amount, or that there is any defense to the claim. In *Blake* v. *Howe*, (1 Aikens, 310) the Supreme Court of Vermont, in deciding a motion for a new trial in an action of ejectment on the ground of surprise said : " The defendant ought not only to show a surprise, but to show that he is injured by it; to show that upon a new hearing he can make out such a title as would probably be not only a legal but an equitable defense of the action. If he would claim anything on account of the title of Brigham Howe, he should show to the Court what that title is."

The cases of *Peters* v. *Foss* (16 Cal. 357) and *Lestrade* v. *Barth* (17 Id. 285) are not in conflict with these views. In the first case, as appears by the record on file, the defendants on the trial offered evidence material to the defense, which was excluded on the ground that the answer was insufficient to raise an issue, except upon one of the allegations of the complaint; and an amendment which was asked at the time was refused. Subsequently the Court below granted a new trial, and on appeal we affirmed its action, observing that the " new trial having been granted for the purpose no doubt of affording the parties an opportunity to present the case fairly *on its merits*," we did not feel at liberty to interfere. In the second case, material evidence offered on the trial was rejected on the ground that it did not support the allegations of the answer, and an amendment moved at the time was refused. Subsequently a new trial was granted to allow the defendants to make the amendment so as to authorize the admission of the evidence, and we affirmed the ruling, remarking that the power to grant amendments should be liberally exercised to secure a fair and speedy trial *on the merits*, and that we were not disposed to interfere with the action of the Court below in the exercise of this discretion. In both of these cases the evidence offered showed the defendants had meritorious

defenses, and the sole purpose of the new trials was to enable the parties, by proper amendments of the answers, to present evidence in their support.

The instruction to the jury to render a verdict against the defendants jointly was proper.   The defendants were not entitled to seperate verdicts merely from the fact that they prayed for such verdicts in the conclusion of their answer.   They should have set forth with specific description the parcels which they severally occupied or claimed, and thus directed the attention of the plaintiffs to the course of defense upon which they would separately insist.   Joining in a general denial, they were liable to a joint general verdict.

The order granting a new trial conditionally must be reversed, and the judgment as entered upon the verdict allowed to stand.

Ordered accordingly.

*Thompson & Glassel*, for Respondents, filed a petition for rehearing, and with it a brief containing several points, which, having been passed upon in the first opinion of the Court, are not inserted. Their other points were as follows:

I.   The verification of the complaint was defective; and therefore the answer, though not verified, was sufficient to put in issue the allegations of the complaint.   (Prac. Act, sec. 46.)

Conformity to a certain form of verification is required in order to put defendants on their oath.   (Prac. Act, sec. 55.)

This was rigidly required in New York until the corresponding section of their statute was amended, and the words "to the effect" prefixed to the form of verification.   (N. Y. Code, 1852, sec. 171; *Vanhorn* v. *Montgomery*, 5 How. 238 ; *Davis* v. *Potter*, 4 Id. 155; *Mott* v. *Burnett*, 1 Code R. [N. S.] 225; *Waggoner* v. *Brown*, 8 How. 212.)

The verification in question makes a broader exception to what is required to be positively sworn to than our statute authorizes. It excepts " the matters therein stated on the information and belief of *plaintiffs;* " whereas, the statute only authorizes an exception of matters stated on the information or belief of the *deponent.*   It is obvious that the exception in question is more comprehensive than that authorized by the statute, to the extent that it embraces matters

which may have been stated upon the information and belief of other parties than the deponent ; matters of which the deponent had no information or belief whatever.

Nor can it be answered that the complaint does not contain any matters stated on information or belief, and that the objection above referred to is therefore inapplicable. The form of the affidavit implies the contrary. (*Truscott* v. *Dale,* 7 How. 221; *Hackett* v. *Richards,* 11 L. O. 315.)

The form of the required verification is not observed in another, though more immaterial particular, in this. The conjunction " and " is used instead of the disjunctive " or." Even this discrepancy has been held to be material. (*Vanhorn* v. *Montgomery,* 5 How. 238; *Davis* v. *Potter,* 4 Id. 155.)

Another objection to the verification is that it is made by but one of the plaintiffs, without any reason being given why the other did not join in it. (Prac. Act, sec. 55.)

II.   Granting that the answer was insufficient, the plaintiffs were not exonerated from proof further than if no answer whatever had been filed. (*Salus* v. *Kipp,* 12 How. 342; *Drum* v. *Whiting,* 9 Cal. 422.)

The proceedings in such cases are regulated by sec. 150 of our Practice Act. This requires that " where the action is for the recovery of damages in whole or in part " * * the damages are to be assessed by a jury. In assessing these, the proceedings conform to those of executing a writ of inquiry at common law, (*Salus* v. *Kipp, supra*) that is, by proving the damages. (*Gilbert* v. *Rounds,* 14 How. 46; Adams on Ejectment, 391; cases cited in Prac. Act, sec. 150.)

III.   The defendants being sued and charged as trespassers, and not as tenants holding under contract, are not liable for the use and occupation, or the rents of the premises. (1 Chitty's Pl. 107 ; 3 Cal. 199; Id. 203-4-5; Id. 370-3; 1 Wend. 134; 1 John. 46; 1 Abbott, 207.) It cannot be determined from the pleadings what proportion of the $10,000 is chargeable to these elements, nor can it be ascertained what was the value of the profits, the element for which they are liable.

In regard to the profits, even if their value were ascertainable,

there being no allegation or proof that defendants or their agents received them, the defendants were not liable therefor. (*Ainslee* v. *Mayor of New York*, 1 Barb. 177.)

FIELD, C. J. delivered the opinion of the Court on the petition —BALDWIN, J. and COPE, J. concurring.

When this case was considered and decided by the Court, there was no brief on the part of the respondents on file. The time allowed for filing briefs had elapsed weeks previously. Since the decision was rendered, the respondents have filed their brief, with a petition for a rehearing, stating as an excuse for their delay, that they were to have five days time to answer the briefs on the other side, after service of a copy of the same, and that no such service has been made upon them. A provision to that effect is not inserted in the order of submission, and we cannot look beyond the record of the Clerk. Had such provision been contained in the order, we should not hesitate to grant a rehearing, without reference to the merits of the application in other respects.

We have, however, carefully examined the brief of the learned counsel of the respondents, and have considered the authorities cited with as much attention as if they had been presented before the decision; and after such examination and consideration, we must adhere to the decision rendered.

1. The fifty-fifth section of the Practice Act does, it is true, declare that "in all cases of the verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters, that he believes it to be true." But this section is to have a reasonable interpretation; if the pleading does not contain a statement of any matters on information or belief, there can be no occasion for any expression of belief in the affidavit as to any such matters. The object of the verification is to insure good faith in the averments of the party. If he aver matters positively, the verification will be sufficient if his affidavit state that the pleading is true of his own knowledge; if he aver matters "upon information *and* belief," or "upon information *or* belief," the verification will be sufficient, if his affidavit state that

as to the matters thus alleged he believes the pleading to be true. To require anything further would be to sink the evident spirit and object of the statute into a mere observance of its letter.

It was not necessary that the verification should have been made by both of the plaintiffs. The affidavit of one of them was sufficient.    '

2. The damages in the case were assessed by the jury. The allegations of the complaint being, under the statute, taken as true for the purposes of the action, constituted conclusive evidence of the extent of those damages. The finding of a jury based upon an admission of the parties by pleadings or otherwise, is not less an assessment than if the finding were made upon conflicting evidence on the subject.

3. The allegation of the value of the " use and occupation, rents and profits " of the premises for the period during which the defendants were in the wrongful possession and excluded the plaintiffs, was sufficient to charge the defendants without any averment that they received such rents and profits. These terms " rents and profits " are not used in a technical sense. The whole averment is in effect only that the value of the use of the premises, whilst the plaintiffs were excluded from their enjoyment, was the amount stated—a very proper averment as the basis of the damages claimed for the wrongful detention of the property.

The other positions of the respondents were fully considered in the opinion rendered.

Petition denied.