ORAN B. PHILLIPS, GUARDIAN, APPELLANT, V. WILLIAM
REYNOLDS, APPELLEE.

FILED JULY 12, 1907.  No. 14,909.

1. **Indians: VOID LEASE: USE AND OCCUPATION.** An Indian may re-
cover in an action for mesne profits the rental value of lands
allotted to him by the United States government from a person
who has used and occupied the same under a lease that is void
because not sanctioned and approved by the officers of the in-
terior department.

2. **Petition** in this action examined, and *held* sufficient to sustain an
action for mesne profits.

APPEAL from the district court for Thurston county:
WILLIAM A. REDICK, JUDGE.  *Reversed.*

*Thomas L. Sloan* and *C. L. Day,* for appellant.

*H. Chase,* contra.

GOOD, C.

This was an action to recover mesne profits of certain
lands in Thurston county for the year ending March 1,
1903.   The facts out of which this controversy arises are
substantially as follows:  Oran B. Phillips, plaintiff and
appellant, is the guardian of Blanch R. Phillips, an Indian
minor, to whom had been allotted the land in controversy.
The instrument by which the United States government
allotted the land in controversy to said minor contained
the following conditions, founded upon acts of congress
applicable to such allotments: "That this patent shall be
of the legal effect and declare that the United States does
and will hold the land thus allotted for a period of twenty-
five years in trust for the sole use and benefit of the Indian
to whom such allotment shall have been made, or, in case
of his decease, of his heirs according to the laws of the
state of Nebraska, and that at the expiration of said
period the United States will convey the same by patent

to said Indian, or his heirs aforesaid, in fee discharged of said trust and free of all charge or incumbrance whatsoever. And if any conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching same before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void." This allotment was made to said minor in May, 1900, pursuant to an act of congress passed and approved in August, 1882, and amended in March, 1893. Plaintiff, as guardian of the minor allottee, attempted to lease the land to the defendant Reynolds for a period of two years commencing March 1, 1901. Reynolds entered into possession and used and occupied the same for the term of the lease. Under the law by which the land was allotted to said minor, any contract touching the same was absolutely null and void. This would include a lease of the lands. By subsequent legislation of congress, provisions were made whereby leases of the lands so allotted might be made under the sanction and approval of the proper officers of the interior department. No such sanction or approval was obtained for this lease. The defendant Reynolds refused to pay the rent stipulated for, upon the ground that the lease was void. The plaintiff instituted an action in the district court for Thurston county to enjoin the defendant from occupying the said land and from harvesting the crops that he had planted thereon, apparently upon the ground that the defendant was a trespasser and was continually trespassing upon the land. In that action plaintiff alleged that defendant was insolvent and that he had no adequate remedy at law. Upon a trial of this cause, the court found against the plaintiff and dismissed his petition for want of equity. Thereupon the plaintiff instituted this action in the county court to recover the value of the possession of the premises for the year ending March 1, 1903. In his petition he alleged that his ward was the owner of the land, describing it, and averred that the defendant had entered upon said described premises and had used and occupied the same

since the first of March, 1902, and had raised large and valuable crops thereon, and had had the use and benefit thereof, which use, occupation and benefit are of the value of $250. These averments were followed by allegations of demand upon, and nonpayment by, the defendant. The defendant answered, first, with a general denial, and, secondly, a plea of former adjudication, setting up the former action herein referred to. The trial in the county court resulted in judgment in favor of the plaintiff, and the defendant appealed to the district court, where, upon trial, that court found in favor of the defendant and dismissed plaintiff's cause of action. Plaintiff appeals to this court.

In this court, it appears that the defendant has abandoned, and does not now rely upon, the defense of former adjudication, but relies solely upon the defense that the action is for use and occupation of the real estate, and that this action is based upon the relation of landlord and tenant, which presupposes a contractual relation between the parties, and that, as no valid contract with relation to the premises was made, no recovery can be had. Since the lease that was entered into between the parties was made without the sanction or approval of the proper officers of the interior department, it necessarily follows, under the United States statutes, that such lease was null and void, that it never had any vitality and is the same as if it never existed, and that no valid contract was ever made between the parties for the lease of the land whereby the relation of landlord and tenant could arise. But we think this does not determine the question at issue. The law forbidding the making of any contract touching the land was obviously made for the protection of the Indians. But the government, under the law, gave to the Indian the use and occupation of the land, and the Indian was, therefore, entitled to the use and occupation during the 25 year period in which the government held the title in trust. This use and occupation was a valuable right, and any one who interfered therewith and deprived

the Indian of such right would be manifestly liable therefor, and the only question is whether or not the plaintiff has resorted to the proper action.

If the action must be strictly construed as one for use and occupation, we would be inclined to the view that it would have to rest upon the relation of landlord and tenant, and therefore arise out of a contractual relation, which does not exist in this case, and that defendant could not be held liable in such action. But, one who enters unlawfully and without authority upon the lands of another and uses and occupies the same is liable to such other person in trespass, or for the mesne profits during the time that he is wrongfully in possession. An instance in which such action is frequently resorted to is that of ejectment where plaintiff joins with his action for the recovery of the land an action for the mesne profits during the time the defendant has been wrongfully in possession of the lands. It appears that no special form of averment is necessary to entitle one to recover under such circumstances for the mesne profits. In the case of *Johnson v. Visher,* 96 Cal. 310, it was held that the complaint in ejectment, alleging that defendant wrongfully ousted plaintiff and took possession of the premises to the plaintiff's damage, is sufficient without an averment that the defendant had received the rents and profits. In that case it appeared that plaintiff had alleged that defendant wrongfully ousted her from the premises in controversy, and that he retained possession of the same from the plaintiff to plaintiff's damage in the sum of $500, and that the rental value of said real estate was the sum of $1,500 per annum. It was held a sufficient averment to permit the recovery of mesne profits. In the case of *Patterson v. Ely,* 19 Cal. 28, in an action of ejectment, it was held that an allegation of the value of "the use and occupation, rents and profits" was a sufficient averment to entitle plaintiff to recover for mesne profits.

In the present action the averment is more complete than in the California cases. It shows that the defendant

had entered upon the premises described, and had used and occupied the same, and had raised large and valuable crops thereon, and had had the use and benefit thereof, and alleged the value of such use and occupation and benefit. An action to recover mesne profits does not rest upon a contractual relation, but is an action in the nature of trespass, and is a proper action to resort to where the defendant has wrongfully gone into possession of, and appropriated to his own use and benefit, the premises of another. The measure of plaintiff's damage in such an action would be the rental value of the premises, as this is what the plaintiff in an action of ejectment is permitted to recover. As we view it, the allegations of the plaintiff's petition were sufficient to entitle him to recover for mesne profits, and, as the evidence is undisputed that the defendant did occupy and use the land, plaintiff was entitled to a judgment. The defense sought to be interposed, that no valid contract was made touching the premises, has no application to the case at bar.

The judgment of the district court is erroneous, and we recommend that it be reversed and the cause remanded for a new trial.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.