THOMAS W. CAVETT, APPELLEE, v. H. M. GRAHAM, APPELLANT.

FILED OCTOBER 9, 1909. No. 15,496.

Landlord and Tenant: ACTION FOR RENT. "In order to maintain an action to recover for rent due, the relation of landlord and tenant must have existed between the parties, either by express agreement or by implication." *Janouch v. Pence*, 3 Neb. (Unof.) 867. See, also, *Skinner v. Skinner*, 38 Neb. 756.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed*.

*C. L. Gutterson* and *Hainer & Smith*, for appellant.

*N. T. Gadd*, contra.

REESE, C. J.

This action was instituted in the district court for the purpose of collecting rental or damages for the use and occupation of the north half and the southeast quarter of section 36, township 18 north of range 25, in Custer county. It is alleged in the petition, in substance, that plaintiff's right to recover is based upon certain leasehold interests conferred by the state in leasing the land to plaintiff's assignor. The answer, in addition to a general denial, alleges that the defendant has been in possession of the land for more than 21 years prior to the filing of the answer, and that he came into such possession by virtue of a lease made by the state to one Loomis, and which lease was assigned to defendant in the year 1884 or 1885, and that he took possession thereunder, and has held the uninterrupted possession ever since, residing thereon. It is stated that one I. C. Clark and plaintiff had an assignment of a lease made to them by one G. M. Flock, a lessee under a lease made subsequent to the one under which he took possession; that the assignment was made to them jointly; that on or about August 25, 1902, Clark and plaintiff, for a valuable consideration, assigned their interest therein to defendant, and that defendant has since said assignment paid to the state all rentals as they matured. The statute of limitations is also presented as a defense. The reply is a general denial. The cause was tried to the court without the intervention of a jury, the trial resulting in a finding and judgment in favor of plaintiff, and from which defendant appeals.

The evidence introduced upon the trial is meager in some respects, owing to the fact that much of the written portion thereof has been lost. Enough is shown to establish the fact that during the time in which defendant

occupied the land under the leases assigned to him he failed to pay some of the rentals as they became due; that the state released to plaintiff's assignor; that the assignment to plaintiff was made to "I. C. Clark and Thomas W. Cavett"; that Clark made the assignment to defendant; that defendant paid part of the purchase price in cash, and gave his promissory note payable to I. C. Clark and Thomas W. Cavett for the remainder; and that the note was indorsed by both, and delivered to a bank, where it was paid by defendant. The assigned lease was delivered to defendant by Clark, and it has not since that time (August 25, 1902) been in plaintiff's possession. Plaintiff testified that he sent about $10 to Mr. Clark to pay his half of the rental due up to the time Clark made the transfer. While his testimony is indefinite, it may be that he assisted in paying the taxes due at that time. However, we think it is reasonably clear that he sent only the $10 referred to above. There seems to have been no objection made by plaintiff to the delivery of the leases to defendant by Clark and the retention thereof by defendant, which with the unexplained indorsement of the note by plaintiff is quite persuasive that he must have known of the assignment by Clark, and that the purchase price was for the whole interest. However, that may not be decisive, as plaintiff testified, in opposition to both defendant and his wife, that he had never informed defendant that Clark had authority to sell his interest. He also testified that Clark had no such authority. It was shown by his testimony that Clark resides in this state, but no effort appears to have been made to secure his evidence. It is very clear that plaintiff knew of the assignment by Clark, of the delivery of the leases by him to defendant, and of the defendant's possession of the property during the whole time, claiming the exclusive right thereto.

There is no proof that any contractual relation ever existed between plaintiff and defendant as to defendant's occupancy of the land, or that the relation of landlord and tenant was ever created, either by express or implied agree-

ment, but that during the whole time of defendant's possession he held and claimed the same as the owner of the leasehold estate. Plaintiff never was in either the actual or constructive possession of the property. We fully agree with counsel for plaintiff that, in order to permit a recovery for use and occupation, the relation of landlord and tenant may be implied from the circumstances and conduct of the parties, but think that there must be something in the way of agreement or action from which that implication may arise. We have searched the record in vain for proof of any circumstance or action which can by any system of reasoning sustain such a relation, or a presumption that it existed. It appears to be the well-settled law of this country that, in the absence of the existence of that relation, or that the occupant was a disseizor without right, the action for use and occupation cannot be maintained. Defendant was never at any time wrongfully in possession. Even if plaintiff's theory as to his continued ownership of the one undivided half interest in the property be correct, yet defendant's possession was not wrongful. At the time of the transfer and delivery of the leases by Clark he was in possession as owner, claiming the exclusive right under the lease from the state which he held, notwithstanding it may not have been in force. He continued in possession after the transfer under the same claim of right, to the exclusion of all others. There is not shown to have been at any time any kind of recognition or acknowledgment of any right of plaintiff in or to the property. Under these circumstances, it would seem that the action for rent or use and occupation could not be successfully maintained without the prior establishment of plaintiff's right to an accounting for mesne profits. This doctrine is recognized in *Phillips v. Reynolds*, 79 Neb. 626, where a recovery was permitted on the ground that there was a contract of lease, but under a law of congress the lease was void because not sanctioned or approved by the officers of the interior department. See, also, *Skinner v. Skinner*, 38 Neb. 756; *Janouch v. Pence*,

3 Neb. (Unof.) 867.  The cases upon this point are pretty thoroughly collated in 12 Ency. Pl. & Pr. 844 *et seq.*, and it must be deemed sufficient to refer thereto.  It is true that many of the cases there cited were decided in states where the common law rules of procedure were in force, but it is equally true that the rule is recognized in states not governed by those rules.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED.

DEAN, J., having been of counsel in the trial court, did not sit, and took no part in this decision.